Leib M. Lerner (CA State Bar No. 227323)
Alina A. Ananian (CA State Bar No. 322905)
**ALSTON & BIRD LLP**
333 S. Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: leib.lerner@alston.com
Email: alina.ananian@alston.com

Attorneys for Global Experience Specialist
f/k/a GES Exposition Services, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Coastal International Inc.,<br><br>Debtor | Bankruptcy Case No. 19-13584-TA<br><br>Chapter 11<br><br>**OMNIBUS OBJECTION OF GLOBAL EXPERIENCE SPECIALIST F/K/A GES EXPOSITION SERVICES, INC. TO DEBTOR'S EMERGENCY MOTIONS**<br><br>Emergency Hearing<br>Date:  September 18, 2019<br>Time:  11:00 a.m.<br>Place:  Courtroom 5B<br>          411 West Fourth Street<br>          Santa Ana, CA 92701 |

1    Global Experience Specialist f/k/a GES Exposition Services, Inc. ("**GES**"), hereby objects

2    to the Coastal International, Inc. ("Debtor") Emergency Payroll Motion [Doc. 11; replaced by

3    Doc. 18], Emergency Cash Collateral Motion [Doc. 12] and Emergency Financing Motion [Doc.

4    13] (collectively, the "Motions"), as follows:

5    **I.    BACKGROUND AND SUMMARY**

6    1.    GES is by far the largest creditor in this case, with a judgment against the Debtor

7    of $11,709,232.24, plus post-judgment interest accruing at 9% per annum since the judgment was

8    entered on May 18, 2018.  See Judgment, attached as **Exhibit A** to the Declaration of Leib M.

9    Lerner attached hereto ("Lerner Declaration").  This bankruptcy filing is another mark in the

10    Debtor's strategy to not pay a dime for its employee Christopher Lindroth's catastrophic injuries

11    that rendered him a paraplegic.  GES paid close to $25 million on account of Lindroth's injuries,

12    but the Debtor – *which was found to be 75% responsible for GES's liability* – has done

13    everything in its power to avoid its payment obligations.  The bankruptcy filing was not a surprise

14    and much of the relief requested by the Debtor is not appropriate for an emergency motion.

15    Indeed, back in June 2019 the Debtor and GES stipulated to a stay of GES's collection efforts that

16    expired this past Friday, September 13, 2019.  Debtor's proposed bankruptcy counsel Weiland

17    Golden Goodrich, LLP represented Debtor in negotiating that stipulation, at the judgment

18    debtor's exam taken on July 22, 2019 where Debtor's CEO appeared as "person most

19    knowledgeable" and at the failed mediation that was held over a month ago.  Thus, while Debtor

20    continued during the period covered by the stipulation to refuse to pay GES's judgment and take

21    responsibility for its significant role in Lindroth's catastrophic injury, it was preparing its

22    bankruptcy filings.  *See* Stipulation, attached as **Exhibit B** to the Lerner Declaration.

23    2.    Despite the apparent months of preparation, Debtor nonetheless chose to file its

24    petition in this Court; yet, there is no jurisdictional basis for this case to be filed in the Central

25    District of California.  The Northern District of California is the proper venue for this case

26    because the Debtor's actual principal place of business and nerve center for approximately 30

27    years has been in the Northern District of California, and is currently 3 Harbor Drive, Suite 211,

28    Sausalito, CA 94965, which is located in the Northern District of California.  *See* **Exhibit C** and

OMNIBUS OBJECTION TO EMERGENCY MOTIONS

1    **Exhibit D** attached to the Lerner Declaration (Statement of Information filed with the California

2    Secretary of State.  The Debtor's Chief Executive Officer, Bruce Green, testified under oath at a

3    judgment debtor's exam in July 2019 that the Debtor's primary place of business is at the

4    Sausalito address.  *See* **Exhibit E** attached to the Lerner Declaration (Deposition Transcript of

5    Bruce Green).  All of the financing documents attached by the Debtor in support of the Motions

6    likewise indicate the same address for Debtor, as does the Statement of Information that the

7    Debtor filed with the California Secretary of State.  GES intends to shortly bring a motion for this

8    case to be dismissed or transferred to the Northern District of California pursuant to 28 U.S.C. §§

9    1408 and 1412.

10    3.    GES's specific objections to the Motions are set forth below.

11    **II.    OBJECTIONS TO THE PAYROLL MOTION**

12    4.    The Payroll Motion is silent on the fact that it seeks this Court's permission to pay

13    insiders on an emergency basis, without complying with LBR 2014-1.

14    5.    GES objects to the payment of insiders as defined in 11 U.S.C. § 101(31)(B).

15    Pursuant to Local Bankruptcy Rule 2014-1(a)(1) "no compensation or other remuneration may be

16    paid from the assets of the estate to a debtor's owners, partners, officers, directors, shareholders,

17    or relatives of insiders as defined by 11 U.S.C. § 101(31), from the time of the filing of the

18    petition until the confirmation of a plan unless the debtor serves a Notice of Setting/Increasing

19    Insider Compensation" providing parties in interest the opportunity to object on 14 days notice.

20    6.    When the debtor is a corporation, an insider, as defined in 11 U.S.C. § 101(31),

21    includes an officer of the debtor, person in control of the debtor, or relative of a general partner,

22    director, officer, or person in control of the debtor. 11 U.S.C. § 101(31)(B).

23    7.    Here, Debtor seeks permission to pay Bruce Green $8,551.81. Emergency Payroll

24    Motion, Exhibit 1, p. 24. Bruce Green is Debtor's Chief Executive Officer. He has been Debtor's

25    sole shareholder since 2003, first directly and then through his wholly owned Coastal

26    International Holdings, LLC beginning in 2014.  *See* Exhibit E, Green Deposition Transcript.

27    Debtor can only pay Mr. Green if it complies with LBR 2014-1.  Likewise, Debtor's Exhibit 1

28    includes additional names of employees with the Green surname, Elizabeth Green (page 23) and a

Bryan Green (page 39). There may be additional relatives with other last names. None of these insiders are identified in the Emergency Payroll Motion.

8.      GES respectfully requests that any order approving the Emergency Payroll Motion be limited to non-insider or insider relative employees.

9.      GES also objects to the Emergency Payroll Motion to the extent that it seeks to reimburse employees for alleged pre-petition ordinary business expenses. The Debtor does not identify what these expenses are for, to whom they are to be paid, or how much is to be paid. Such expenses are not wages that fall within any rule of priority, and would just be an unsecured claim against the estate. If the Debtor wishes to pay pre-petition reimbursements, it should file an appropriate motion, supported by evidence and legal authority, on regular notice.

### III.  OBJECTION TO THE CASH COLLATERAL MOTION

10.     The Cash Collateral Motion seems to present a solution looking for a problem. Is the Debtor seeking to continue with its pre-petition factoring agreement, or to enter into a new post-petition factoring agreement (problematic in its own right and discussed in the next section)?

11.     The Cash Collateral Motion lacks much of the basic financial information needed for creditors, the United States Trustee and this Court to determine if the Debtor's proposed use of cash collateral is necessary or appropriate. The only financial information in the motion is that the Debtor owes TAB Bank $1.3 million on $1.6 million in purchased accounts. There is no indication of how much money the Debtor has on hand, or how much is "necessary to avoid immediate and irreparable harm to the estate pending a final hearing." FRBP 4001(b)(2). The cash that the Debtor has on hand, if it flowed the way the Debtor describes, is money that the Debtor has already paid to use. Even if TAB Bank has a lien on the cash, which may be questioned or challenged later in the case, there is no reason for the Court to approve anything that gives TAB Bank more security in that cash than it already has. Based on the scarce evidence presented in connection with the Cash Collateral Motion, there is certainly no basis to conclude that TAB Bank is entitled to a replacement lien on the Debtor's post-petition assets, as is proposed in the stipulation, ¶2.

12.     Other problems with the proposed stipulation are the bank's ability to withdraw its

LEGAL02/39247108v1

1  consent upon ten days' notice; a reserve of $30,000 for TAB's attorneys' fees and costs, and an

2  apparent requirement for pre-petition debt to be paid out of post-petition invoices.  *See*

3  Stipulation, ¶3 ("all payments of factored accounts shall be credited towards the Pre-Petition

4  Obligations.").  In this regard, it is not clear that the Debtor's LBR 4001-2 Statement (Exhibit 4 to

5  the Cash Collateral Motion) is accurate.

6  ### IV.  OBJECTION TO THE FINANCING MOTION

7  13.    The Debtor asks the Court to ratify its pre-petition factoring agreement on an

8  emergency basis.

9  14.    First, the agreement is not a loan or line of credit; indeed, it does not appear to be a

10  financing agreement at all.  Rather, it is an expensive agreement through which the Debtor is

11  seeking to sell estate assets – namely, to sell the Debtor's invoices to TAB Bank for "LIBOR rate

12  plus 7 ½ percent."  Motion, Page 8.  The Debtor seems to using the 3-month LIBOR rate.  *See*

13  Exhibit 3, Page 60 ("LIBOR rate is 2.13%).  The total rate proposed for the sale of the invoices is

14  at least 9.63 percent, before fees.  That this is a purchase and sale agreement, not a financing

15  agreement is confirmed by the text of the proposed agreement: the "relationship of the parties

16  shall be that of Purchaser and Seller of accounts, and not that of lender and borrower."

17  Emergency Financing Motion, Exhibit 3, Page 56 (Definition of <u>Security Interest</u>).  As a result,

18  GES submits that the Financing Motion is not properly presented under FRBP 4001 or Section

19  364 of the Bankruptcy Code, as it should be submitted to the Court under Section 363 of the

20  Bankruptcy Code and the rules applicable thereto.

21  15.    Second, even if it was a true financing motion and not a motion to sell the Debtor's

22  assets, the Debtor supplies no budget that indicates how much it projects it will need "to avoid

23  immediate and irreparable harm to the estate pending a final hearing."  FRBP 4001(c)(2)(3).  The

24  Debtor should not be permitted to enter into an open ended "financing" agreement that authorizes

25  it to sell all of its invoices and receivables to TAB Bank, and which TAB Bank can enforce even

26  if it later turns out to be a bad deal for the Debtor.  If approved at all, the Debtor can only be

27  permitted to sell the amount of invoices that it needs to survive until a final hearing.  Likewise,

28  the Debtor does not present how much money is currently on reserve from pre-petition purchases,

LEGAL02/39247108v1

1    or how much it projects will be on reserve if the Emergency Financing Motion is approved.

2        16.    Moreover, because neither the Cash Collateral Motion nor the Financing Motion

3    contain a budget, it is not clear how the Debtor will spend these funds and if such spending is in

4    the best interests of creditors and the estate.  Additionally, there is no disclosure of whether

5    Debtor seeks to pay Mr. Green, his relatives, any other entities owned or controlled by Mr. Green

6    or other insiders on a post-petition basis.  Such proposed payments are inappropriate and must be

7    disclosed. *See* LBR 2014-1(a)(1).

8        17.    Third, Section 364 (c) of the Bankruptcy Code requires the Debtor to show that it

9    made a good faith effort to obtain financing on better terms and that there is no financing

10    available under terms superior to the those proposed. *See*, *In re Premier Entertainment Biloxi*

11    *LLC*, Case No. 06- 50975, 2007 Bankr. LEXIS 3939 (Feb. 2, 2007) (citing *In re Western Pacific*

12    *Airlines, Inc.*, 223 B.R. 567, 572 (Bankr. D. Colo. 1997)) (stating that in order to obtain approval

13    of post-petition financing pursuant to 11 U.S.C. §§ 364(c) and/or (d), the debtor-in-possession

14    bears the burden of proof to show "first, that the proposed financing is an exercise of sound and

15    reasonable business judgment; second, that no alternative financing is available on any other

16    basis; third, that the financing is in the best interests of the estate and its creditors; and, as a

17    corollary to the first three points, that no better offers, bids, or timely proposals are before the

18    Court.").

19        18.    The Debtor has presented no evidence that the proposed sale of invoices to TAB

20    Bank is the best deal for the Debtor, or that the Debtor even shopped for any type of financing,

21    including a traditional loan or line of credit.  Rather, the Debtor apparently went to TAB Bank

22    simply because it was involved with Debtor pre-petition.  The base interest rate is 3 percentage

23    points higher than the pre-petition amount (4.5% v. 7.5%), with no explanation as to why an

24    existing "lender" would deserve a 60% interest rate increase just because the Debtor is in a

25    chapter 11, where the facility has little risk because it is a factoring arrangement where the

26    "lender" is actually purchasing the Debtor's invoices.  Indeed, the "lender" is consistently

27    referred to as the "Purchaser" throughout the proposed new agreement, and in the pre-petition

28    agreement and amendment.

OMNIBUS OBJECTION TO EMERGENCY MOTIONS

LEGAL02/39247108v1

19.     Fourth, there are numerous problems with the agreement that are inappropriate for a debtor in a chapter 11, in order of appearance on the agreement attached as Exhibit 3 to the motion:

- Collateral – definition extends to all the Debtor's assets, even to "Exclusions" (i.e., invoices that the Purchaser chooses not to buy).

- Default Rate - a default rate of 5%,

- Exclusions - the ability of purchaser to elect to not buy any account while still retaining a security interest over the rejected account for purposes of securing payment.

- Numerous Fees -  Attorney Documentation Fee, Late Charge, Minimum Monthly Fee, Misdirected Payment Fee (15%), Missing Notation Fee (15%), Origination Fee.

- Events of Default – includes guarantor default and if "Purchaser for any reason, in good faith, deems itself insecure with respect to the prospect of repayment or performance of the Obligations."

- Authorization to Purchaser – includes a release of claims by the Debtor subject to a FRBP 9019 motion.

- Account Stated – Debtor is required to object to any statement within 60 days, otherwise the statement "shall be binding against Seller."

- Attorneys Fees – Debtor is obligated to defend Purchaser against any avoidance actions.

## V.   RESERVATION OF RIGHTS

20.     GES reserves and does not waive any and all rights to assert further objections before and at the hearing on the Motions, in accordance with the Court's Order Setting Hearing on the Motions [Doc. 8], ¶ 3, as well as to object to the entry of any final orders.

## VI.  CONCLUSION

21.     For the reasons set forth above, GES respectfully requests that the Court deny or limit any interim orders on the Emergency Motions as set forth above, and that any final motions

LEGAL02/39247108v1

1    be set for such time as will provide a reasonable opportunity for the Court, GES and other

2    interested parties to have time to properly respond to the Debtor's Motions.

3

4    Dated:  September 18, 2019                **ALSTON & BIRD LLP**

5

6                                             **By: /s/ Leib M. Lerner**

7                                             Attorneys for Global Experience Specialist
                                              f/k/a GES Exposition Services, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OMNIBUS OBJECTION TO EMERGENCY MOTIONS
LEGAL02/39247108v1

## DECLARATION OF LEIB M. LERNER

I, Leib M. Lerner, declare as follows:

1.    I am an attorney licensed to practice by the State of California and admitted to practice before the above-entitled Court.  I am a partner with the law firm of Alston & Bird LLP, attorneys for creditor Global Experience Specialist f/k/a GES Exposition Services, Inc. ("GES"). I have personal knowledge of the facts contained in this declaration, except as to matters stated upon information and belief and as to those matters, I believe them to be true.  If called upon as a witness, I could and would testify thereto.

2.    I am an attorney of record for GES and, as such, am one of the custodians of the books, records and files of GES that relate to its judgment against Coastal International Inc. ("**Coastal**" or "**Debtor**").

3.    I make this declaration in support of the Omnibus Objection of Global Experience Specialist F/K/A GES Exposition Services, Inc. to Debtor's Emergency Motions.

4.    Attached hereto as **Exhibit A** is a true and correct copy of the Judgment entered against Debtor in the Marin County Superior Court, Case No. 1801683 on May 18, 2018.

5.    Attached hereto as **Exhibit B** is a true and correct copy of the Stipulation (1) for Production of Records by Coastal International, Inc., (2) Order for Appearance and Examination of Coastal International, Inc., and (3) Mediation, dated June 26, 2019.

6.    Attached hereto as **Exhibit C** is a true and correct copy of the Debtor's Statement of Information filed with the California Secretary of State on April 2, 2013.

7.    Attached hereto as **Exhibit D** is a true and correct copy of the Debtor's Statement of Information filed with the California Secretary of State on August 5, 2019.

8.    Attached hereto as **Exhibit E** is a true and correct copy of excerpts of the Deposition Transcript of Bruce Edward Green, taken July 22, 2019.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 18, 2019          /s/ Leib M. Lerner
                                                      Leib M. Lerner

OMNIBUS OBJECTION TO EMERGENCY MOTIONS
LEGAL02/39247108v1

<u>EXHIBIT A</u>

1   McCormick, Barstow, Sheppard,
    Wayte & Carruth LLP
2   David L. Emerzian, #222930
       *david.emerzian@mccormickbarstow.com*
3   7647 North Fresno Street
    Fresno, California 93720
4   Telephone:   (559) 433-1300
    Facsimile:   (559) 433-2300
5
6   Attorneys for Plaintiff/Judgment Creditor
7

FILED

MAY 18 2018

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: C. Lucchesi, Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF MARIN

10

11  GLOBAL EXPERIENCE SPECIALIST fka          Case No. CIV   1 8 0 1 6 8 3
    GES EXPOSITION SERVICES, INC.,
12                                             [PROPOSED] JUDGMENT
                   Plaintiff,                     (CL)
13
          v.
14
    COASTAL INTERNATIONAL, INC.,
15
                   Defendant.
16

17

18

19        IT IS ORDERED, ADJUDGED, DECREED AND DECLARED as follows:

20        1.    Judgment is entered in favor of Plaintiff/Judgment Creditor, GLOBAL EXPERIENCE

21  SPECIALIST fka GES EXPOSITION SERVICES, INC. and against Defendant COASTAL

22  INTERNATIONAL, INC. in the amount of $11,709,236.24, which includes the amount entered by the

23  Circuit Court of Cook County, Illinois ($11,709,236.24 and the Court's filing fee of $ 428.00), along

24  ///

25  ///

26  ///

27  ///

28  ///

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

[PROPOSED] JUDGMENT

1  with post-judgment interest which continues to accrue on the judgment amount at a rate of 9% per

2  annum until Judgment is paid.

3

4

5  DATED:  May _/8_ , 2018

6  03674-02129 5041750.1

7

*C. LUCCHESI*
~~Judge of the~~ Marin County Superior Court

JAMES M. KIM

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

[PROPOSED] JUDGMENT

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On May 18, 2018, I served true copies of the following document(s) described as **[PROPOSED] JUDGMENT** on the interested parties in this action as follows:

Coastal International, Inc.
c/o Bruce Green
3 Harbor Drive, Suite 211
Sausalito, CA 94965

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 18, 2018, at Fresno, California.

Cindy D. Gonzales

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

<u>EXHIBIT B</u>

1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  David L. Emerzian, #222930
     *david.emerzian@mccormickbarstow.com*
3  7647 North Fresno Street
   Fresno, California 93720
4  Telephone:    (559) 433-1300
   Facsimile:    (559) 433-2300
5
   Attorneys for Plaintiff/Judgment Creditor
6  GLOBAL EXPERIENCE SPECIALIST fka GES
   EXPOSITION SERVICES, INC.
7
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                              COUNTY OF MARIN
9

| | |
|---|---|
| 10  GLOBAL EXPERIENCE SPECIALIST fka GES EXPOSITION SERVICES, INC., | Case No. CIV 1801683 |
| 11                    Plaintiff, | **STIPULATION FOR (1) PRODUCTION OF RECORDS BY COASTAL INTERNATIONAL, INC., (2) ORDER FOR APPEARANCE AND EXAMINATION OF COASTAL INTERNATIONAL, INC., AND (3) MEDIATION** |
| 12            v. | |
| 13  COASTAL INTERNATIONAL, INC., | |
| 14                    Defendant. | |
| 15 | |
| 16 | Assigned for All Purposes to:<br>Hon. Roy O. Chernus, Dept. B |

17
        Counsel for Plaintiff GLOBAL EXPERIENCE SPECIALIST fka GES EXPOSITION
18
   SERVICES, INC. ("Plaintiff") and Defendant COASTAL INTERNATIONAL, INC. ("Defendant")
19
   hereby stipulate and agree as set forth hereinbelow.
20
                                **RECITALS**
21
        1.      WHEREAS, on or about September 6, 2017, Judgment was entered in the sister state of
22
   Illinois against Defendant in the amount of $11,709,232.24.  Defendant disputes this amount as it
23
   relates to the calculation of interest.
24
        2.      WHEREAS, on or about May 18, 2018, Judgment was entered in this Court against
25
   Defendant in the amount of $11,709,232.24, to enforce a sister state judgment.  Defendant disputes
26
   this amount as it relates to the calculation of interest.
27
        3.      Counsel for Defendant has agreed to produce Defendant's PMK, Bruce Green, for an
28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

**AFFIDAVIT IN SUPPORT OF APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION OF BRUCE GREEN**

1  Examination under oath at a mutually agreed upon date, time and location, , in accordance with the

2  terms and conditions herein.

3  <u>**STIPULATION**</u>

4  Based upon the foregoing, and incorporating the Recitals set forth above, it is hereby

5  Stipulated and Agreed as follows:

6  1.    Defendant shall produce to Plaintiff's counsel all documents set forth in Exhibit

7  "A" to this stipulation. The documents produced by Defendant pursuant to this stipulation shall be

8  used only in this action referenced above and shall be used for the purpose of the prosecution,

9  defense, or settlement of this action and the judgement which was entered into the above entitled

10  action, including enforcement of any judgment.

11  2.    This stipulation constitutes the entire agreement between the undersigned parties with

12  respect to its subject matter and supersedes all prior understandings, proposals, negotiations and

13  communications, whether oral or written, between the parties or their respective representatives

14  regarding the subject matter hereof.

15  3.    By written agreement of the parties, or upon motion and order of the Court, the terms

16  of this stipulation may be amended, modified or vacated. This stipulation shall continue in full force

17  and effect until amended or superseded by express order of the Court, and shall survive any final

18  judgment or settlement in this action.

19  4.    Defendant shall designate Bruce Green as itsperson most knowledge and Bruce Green

20  will be available for examination under oath and before a court reporter on July 2, 2019 at 10:00 a.m.

21  at a location in San Francisco, or at a mutually convenient date immediately thereafter if they parties

22  cannot agree upon the earlier date noted. Bruce Green shall testify solely for the Defendant and not in

23  his personal or individual capacity. The examination of Bruce Green shall not take place unless and

24  until dates for both the examination and mediation have been agreed to in writing by the parties. .

25  5.    Following Defendant's production of documents set forth in Exhibit "A", and

26  following the examination of the person most knowledgeable under oath, the parties hereto shall

27  participate in a mediation on July 30, 2019 at 10:00 a.m., or at a mutually convenient date

28  immediately thereafter if they parties cannot agree upon the earlier date noted, at Two Embarcadero

2

**AFFIDAVIT IN SUPPORT OF APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION
OF BRUCE GREEN**

1  Center, Suite 1500, San Francisco, CA 94111 before Judge Ambler.

2      6.      Plaintiff agrees that all proceedings and collection efforts shall be stayed until 30 days

3  after the conclusion of the mediation between the parties. 7.This Stipulation may be executed in

4  counterparts, each of which shall be deemed an original stipulation against each party, but all of which

5  shall constitute one in the same instrument.

6      8.      Defendant reserves the right to object, at the examination under oath or through the

7  production of documents, based upon the assertion of confidentiality, privilege, trade secret and any

8  other applicable objection.

9      9.      Plaintiff and Defendant agree that the production of any further documents not set forth

10  in this Stipulation shall be either by order of the court or by mutual agreement of the parties.

11  Dated: June ___, 2019                McCORMICK, BARSTOW, SHEPPARD,
                                         WAYTE & CARRUTH LLP
12

13                                       By: _____
                                             David L. Emerzian
14                                       Attorneys for Plaintiff GLOBAL EXPERIENCE
                                         SPECIALIST fka GES EXPOSITION SERVICES,
15                                         INC.

16  Dated: June ___, 2019                Weiland Golden Goodrich, LLP

17

18                                       By: _____
                                             Jeff Golden for Defendant COASTAL
                                             INTERNATIONAL, INC.
19

20

21

22

23

24

25

26

27

28

3

**AFFIDAVIT IN SUPPORT OF APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION OF BRUCE GREEN**

1    **ORDER ON STIPULATION FOR (1) PRODUCTION OF RECORDS BY**

2    **COASTAL INTERNATIONAL, INC., (2) ORDER FOR APPEARANCE AND**

3    **EXAMINATION OF COASTAL INTERNATIONAL, INC., and (3) MEDIATION**

4    **ORDER**

5        Upon considering the STIPULATION FOR (1) PRODUCTION OF RECORDS BY

6    COASTAL INTERNATIONAL, INC., (2) ORDER FOR APPEARANCE AND EXAMINATION OF

7    COASTAL INTERNATIONAL, INC., and (3) MEDIATION by the parties, and good cause

8    appearing therefore:

9        **IT IS HEREBY ORDERED** that:

10        1.    Defendant COASTAL INTERNATIONAL, INC. shall produce to Plaintiff's counsel

11    all documents set forth in Exhibit "A", which are incorporated by reference herein.

12        2.    Defendant COASTAL INTERNATIONAL, INC.'s person most knowledge Bruce

13    Green, shall make himself available for Examination under oath and before a court reporter on July 2,

14    2019 at 10:00 a.m. at a location in San Francisco, or at a mutually convenient date immediately

15    thereafter if they parties cannot agree upon the earlier date noted. Bruce Green shall testify solely for

16    the Defendant and not in his personal or individual capacity. The examination of Bruce Green shall

17    not take place unless and until dates for both the examination and mediation have been agreed to in

18    writing by the parties. .

19        3.    Following Defendant COASTAL INTERNATIONAL, INC.'s production of

20    documents set forth in Exhibit "A", and following the examination of Defendant's PMK under oath,

21    the parties hereto shall participate in a mediation before a mutually agreed upon mediator on July 30,

22    2019 at 10:00 a.m., or at a mutually convenient date immediately thereafter if they parties cannot

23    agree upon the earlier date noted, at Two Embarcadero Center, Suite 1500, San Francisco, CA 94111

24    before Judge Ambler.

25        4.    Plaintiff agrees that all proceedings and collection efforts shall be stayed until 30 days

26    after the conclusion of the mediation between the parties.

27        5.    The production of any further documents not set forth in this Stipulation shall be either

28    by order of the court or by mutual agreement of the parties.

4

**AFFIDAVIT IN SUPPORT OF APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION
OF BRUCE GREEN**

1    IT IS SO ORDERED.

2  Dated: June ____, 2019                    By:_____

3                                                JUDGE OF THE SUPERIOR COURT

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

**AFFIDAVIT IN SUPPORT OF APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION
OF BRUCE GREEN**

1

2

3

4

5    ## EXHIBIT "A" TO STIPULATION – LIST OF DOCUMENTS TO BE PRODUCED

6    • Coastal Tax Returns

7        o 2007

8        o 2008

9        o 2009

10        o 2010

11        o 2011

12        o 2012

13        o 2013

14        o 2014

15        o 2015

16        o 2016

17        o 2017

18    • Coastal Reviewed Financial Statements

19        o 2007

20        o 2008

21        o 2009

22        o 2010

23        o 2011

24        o 2012

25        o 2013

26        o 2014

27        o 2015

28        o 2016

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

**AFFIDAVIT IN SUPPORT OF APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION
OF BRUCE GREEN**

1       o   2017

2  • Bruce Green W-2s for 2012 to 2018 (redacted to remove Social Security Number and other

3      personal information of Bruce Green)

4  • Coastal Outstanding A/P Balance Summary as of 12/31/2018

5  • Coastal Life Insurance Value as of 4/30/19

6  • Coastal Compiled Financial Statements

7       o   2018

8  • Coastal Compiled Balance Sheets

9       o   2016

10      o   2017

11      o   2018

12 • Coastal Equipment Inventory as of 12/31/2018

13 • TAB Bank Operating Account 1/1/16 through present

14 • TAB Bank Payables Account 1/1/16 through present

15 • TAB Bank Payroll Account 1/1/18 through 3/30/18

16 • TAB Bank Payroll Account 4/1/18 through 6/30/18

17 • TAB Bank Payroll Account 7/1/18 through 9/30/18

18 • TAB Bank Payroll Account 10/1/18 through the present.

19 • TAB Bank Tax Account 1/1/16 through 12/31/18

20 • Coastal Vehicle List and Value as of 3/31/19

21 • Coastal American Express Charges for Calendar Years 2017, 2018 and 2019 (through the

22     present).

23 • TAB Bank Operating Account Statement

24      o   January 2016

25      o   February 2016

26      o   March 2016

27      o   April 2016

28      o   May 2016

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

7

**AFFIDAVIT IN SUPPORT OF APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION
OF BRUCE GREEN**

1    o   June 2016

2    o   July 2016

3    o   August 2016

4    o   September 2016

5    o   October 2016

6    o   November 2016

7    o   December 2016

8    o   January 2017

9    o   February 2017

10   o   March 2017

11   o   April 2017

12   o   May 2017

13   o   June 2017

14   o   July 2017

15   o   August 2017

16   o   September 2017

17   o   October 2017

18   o   November 2017

19   o   December 2017

20   o   January 2018

21   o   February 2018

22   o   March 2018

23   o   April 2018

24   o   May 2018

25   o   June 2018

26   o   July 2018

27   o   August 2018

28   o   September 2018

**AFFIDAVIT IN SUPPORT OF APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION
OF BRUCE GREEN**

1        o  October 2018

2        o  November 2018

3        o  December 2018

4        o  January 2019

5        o  February 2019

6        o  March 2019

7        o  April 2019

8

9

10

11

12

003674-002130 6136248.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

9

**AFFIDAVIT IN SUPPORT OF APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION
OF BRUCE GREEN**

EXHIBIT C



# State of California

## Secretary of State

**Statement of Information**
(Foreign Corporation)
**FEES (Filing and Disclosure): $25.00.**
If this is an amendment, see instructions.
**IMPORTANT - READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

**F**

**E-R70830**

**FILED**

In the office of the Secretary of
State of the State of California

**Apr - 2 2013**

| 1. **CORPORATE NAME** |
|---|
| COASTAL INTERNATIONAL, INC. |
| 3 HARBOR DRIVE SUITE 211 |
| SAUSALITO CA 94965 |

| 2. **CALIFORNIA CORPORATE NUMBER**    C1668735 | This Space For Filing Use Only |
|---|---|

**No Change Statement** ( Not applicable if agent address of record is a P.O. Box address. See instructions.)

3.    If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.

☐    If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed **to Item 13.**

**Complete Addresses for the Following** (Do not abbreviate the name of the city. Items 4 and 5 cannot be P.O. Boxes.)

| 4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 3 HARBOR DRIVE SUITE 211    SAUSALITO  CA 94965 | | | |

| 5. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 3 HARBOR DRIVE SUITE 211   SAUSALITO  CA 94965 | | | |

| 6. MAILING ADDRESS OF THE CORPORATION, IF DIFFERENT THAN ITEM 4 | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | | |

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers.  A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| 7. CHIEF EXECUTIVE OFFICER/ | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| BRUCE  GREEN | 3 HARBOR DRIVE SUITE 211 | SAUSALITO CA 94965 | | |

| 8. SECRETARY | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| BRUCE   GREEN | 3 HARBOR DRIVE SUITE 211 | SAUSALITO CA 94965 | | |

| 9. CHIEF FINANCIAL OFFICER/ | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| BRUCE  GREEN | 3 HARBOR DRIVE SUITE 211 | SAUSALITO CA 94965 | | |

**Agent for Service of Process**  If the agent is an individual, the agent must reside in California and Item 11 must be completed with a California street address, a P.O. Box address is not acceptable.  If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 11 must be left blank.

| 10. NAME OF AGENT FOR SERVICE OF PROCESS |
|---|
| BRUCE  GREEN |

| 11. STREET ADDRESS OF THE AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, **IF AN INDIVIDUAL** | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 3 HARBOR DRIVE SUITE 211    SAUSALITO  CA 94965 | | | |

**Type of Business**

| 12. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION |
|---|
| TRADESHOW SERVICES |

13. THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT.

| 04/02/2013 | KATHY  SPANGLER | OFFICE MANAGER | |
|---|---|---|---|
| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |

EXHIBIT D



| F |
|---|

# State of California
## Secretary of State

### Statement of Information
**(Foreign Corporation)**
**FEES (Filing and Disclosure): $25.00.**
**If this is an amendment, see instructions.**
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

1. **CORPORATE NAME**

2. **CALIFORNIA CORPORATE NUMBER**

*This Space for Filing Use Only*

**No Change Statement**  (Not applicable if agent address of record is a P.O. Box address.  See instructions.)

3. **If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.**

☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed **to Item 13.**

**Complete Addresses for the Following**  (Do not abbreviate the name of the city.  Items 4 and 5 cannot be P.O. Boxes.)

4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE — CITY — STATE — ZIP CODE

5. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY — CITY — STATE — ZIP CODE

6. MAILING ADDRESS OF THE CORPORATION, IF DIFFERENT THAN ITEM 4 — CITY — STATE — ZIP CODE

**Names and Complete Addresses of the Following Officers**  (The corporation must list these three officers.  A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

7. CHIEF EXECUTIVE OFFICER/ — ADDRESS — CITY — STATE — ZIP CODE

8. SECRETARY — ADDRESS — CITY — STATE — ZIP CODE

9. CHIEF FINANCIAL OFFICER/ — ADDRESS — CITY — STATE — ZIP CODE

**Agent for Service of Process**  If the agent is an individual, the agent must reside in California and Item 11 must be completed with a California street address, a P.O. Box address is not acceptable.  If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 11 must be left blank.

10. NAME OF AGENT FOR SERVICE OF PROCESS

11. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, **IF AN INDIVIDUAL**  CITY — STATE — ZIP CODE

**Type of Business**

12. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION

13. THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT.

DATE — TYPE/PRINT NAME OF PERSON COMPLETING FORM — TITLE — SIGNATURE

SI-350 (REV 01/2013)  —  APPROVED BY SECRETARY OF STATE

# EXHIBIT E

IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF MARIN

--oOo--

GLOBAL EXPERIENCE SPECIALIST fka
GES EXPOSITION SERVICES, INC.,

             Plaintiff,

v.                                 No. CIV 1801683

COASTAL INTERNATIONAL, INC.,

             Defendant.
_____/

DEPOSITION OF BRUCE EDWARD GREEN, taken at
Embarcadero Center, Suite 1500, San Francisco, California,
on Monday, July 22, 2019, at 10:41 a.m., before Pamela L.
Silveira, Certified Shorthand Reporter, in and for the State
of California.

```
 1                    A P P E A R A N C E S

 2

 3 For the Plaintiff:

 4            MCCORMICK, BARSTOW, SHEPPARD,
              WAYTE & CARRUTH, LLP
 5            BY:  DAVID L. EMERZIAN
              7647 North Fresno Street
 6            Fresno, California 93720
              (559)433-1300
 7            david.emerzian@mccormickbarstow.com

 8

 9 For the Defendant:

10            WEILAND, GOLDEN, GOODRICH, LLP
              650 Town Center Drive, Suite 600
11            Costa Mesa, California 92626
              BY:  JEFFREY I. GOLDEN
12            (714)966-1000
              jgolden@wgllp.com
13

14

15

16

17

18

19

20                         --oOo--

21

22

23

24

25
```

1 gather today, I'm going to report that back to my client,

2 which through various layers is AIG, which is a very large

3 insurance company or one of its subdivisions.  And to the

4 extent questions aren't answered, I'll just represent to you

5 that for whatever reason, that will have an impact on my

6 client's decision-making and whether or not they want to

7 settle the case.

8          Obviously, the more candid and transparent you are

9 today, and I'm sure your attorney will appreciate this, the

10 more comfortable my client is going to feel with reaching a

11 resolution.  So I just wanted to put that out there.

12          You are free to refuse to answer any question I

13 ask; in fact, you know -- and if you have questions about

14 any questions I ask at any point and you want to go off the

15 record and speak to your attorney, I have no problem with

16 that.  Okay?

**17 A       All right.**

18 Q       So with that in mind, you won't provide me your

19 residence address?

**20 A       No.**

21 Q       Okay.

**22 A       And we're talking about the assets of Coastal**

**23 International, Inc.**

24 Q       I understand.  Okay.

25          What is the current business address of Coastal

1 International, Inc.?

**2 A      It has multiple addresses.**

3 Q      Okay.  Is there a primary place of business that

4 Coastal International, Inc., operates out of?

**5 A      Yes.**

6 Q      Okay.  And what would that -- what would that

7 address be?

**8 A      3 Harbor Drive, Suite 211, Sausalito, California**

**9 94965.**

10 Q      Okay.  And when you say Coastal International,

11 Inc., has many other -- or excuse me, other addresses, are

12 you familiar with those addresses and can you provide those

13 to me?

**14 A      Not off the top of my head, no.**

15 Q      Okay.  And when you say other addresses, are these

16 other -- are these other addresses in different states

17 throughout the United States where Coastal International,

18 Inc., does business?

**19 A      Yes.**

20 Q      When was Coastal International, Inc. formed?

21 Approximately?

**22 A      In 1984.**

23 Q      Okay.  And was it formed as a corporation or was

24 it a sole proprietorship in '84?

**25 A      It was -- it was always a corporation.**

1 Q        Okay.  And have you always been the sole

2 shareholder?

**3 A        No.**

4 Q        Okay.  Are you currently the sole shareholder of

5 Coastal International, Inc.?

**6 A        Yes.**

7 Q        How long -- how long have you been the sole

8 shareholder of Coastal International, Inc.?

**9 A        Since 2003.**

10 Q        And I'm going to try to -- this is one of the rare

11 areas when I'm going back in time.  I'm going to try and

12 limit my questions from about 2012 until the present.  Okay?

**13 A        Okay.**

14 Q        In the future when I ask you about different

15 things.

16          What is Coastal International, Inc., in business

17 to do?

18          MR. GOLDEN:  As of today?

19          MR. EMERZIAN:  Today?

**20          THE WITNESS:  We are a labor contractor**

**21 specializing in exhibit installation and dismantling and**

**22 retail and residential interior installations.**

23          MR. EMERZIAN:  Q:  Okay.  And has this been the

24 same -- have these been the same activities that Coastal

25 International, Inc., has been involved in since 2012?

**1 A        Yes.**

2 Q        Okay.  Prior to 2012 do they do other things in

3 the trade industry?

**4 A        Yes, yes.**

5 Q        Okay.  Does Coastal International, Inc. -- let's

6 go back to 2012.  From 2012 until the present has Coastal

7 International, Inc., held any special license or permits?

**8 A        Yes, contractor's license?**

9 Q        Which?  What destination?

**10 A        State of California, and State of Nevada,**

**11 Washington State; that's B in California.**

12 Q        Okay.  And is it safe to say that you've been the

13 responsible managing employee or officer or whatever -- you

14 know, terms change all the time.

**15 A        It's qualifier, yes.**

16 Q        Qualifier --

**17 A        Yes.**

18 Q        And you've consistently held that position since

19 2012 until the present?

**20 A        Yes.**

21 Q        In going through the records there's -- I see that

22 there's two other entities that are somehow associated with

23 Coastal International, Inc.  Those are Coastal International

24 holdings, LLC, and Coastal International Trade Show

25 Services, LLC.  You're familiar with those services?

1  A          Yes.

2  Q          And is it my understanding that sometime in 2014

3  or 2015 Coastal International Holdings, LLC, was formed?

4  A          Correct.

5  Q          Okay.  And also Coastal International Trade Show

6  Services, LLC, was formed in 2014?

7  A          Correct.

8  Q          And sometime in 2014 or 2015, of these three

9  entities, Coastal International Holdings, LLC, became the

10  parent company?

11  A          Correct.

12  Q          And the parent company of Coastal International,

13  Inc., and Coastal International Trade Show Services, LLC?

14  A          Correct.

15  Q          When that was done or those entities were formed,

16  you were the sole shareholder of Coastal International,

17  Inc.; right?

18  A          Correct.

19  Q          And would it be safe to say that you transferred

20  your stock interest in the corporation to Coastal

21  International Holdings, LLC?

22  A          Correct.

23             MR. GOLDEN:  I'm going --

24             MR. EMERZIAN:  And I'm not --

25             MR. GOLDEN:  It's fine you answer.  You're trying

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address
is:  Alston & Bird LLP, 333 S. Hope Street, 16th Floor, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*):  OMNIBUS OBJECTION OF GLOBAL
EXPERIENCE SPECIALIST F/K/A GES EXPOSITION SERVICES, INC. TO DEBTOR'S EMERGENCY
MOTIONS will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR
5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to
controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink
to the document. On 9/18/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding
and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at
the email addresses stated below:

- Reem J Bello    rbello@wgllp.com,
  kadele@wgllp.com;vrosales@wgllp.com;cyoshonis@wgllp.com;cbmeeker@gmail.com
- Jeffrey I Golden    jgolden@wgllp.com,
  kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Leib M Lerner    leib.lerner@alston.com, autodockettest-lax@alston.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**:  On 9/18/2019, I served the following persons and/or entities at
the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy
thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.
Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24
hours after the document is filed.

Honorable Theodor C. Albert
United States Bankruptcy Court
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR
EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on
(*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail
service, or (for those who consented in writing to such service method), by facsimile transmission and/or email
as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the
judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/18/2019 | Rosa Nelly Villaneda | /s/ Rosa Nelly Villaneda |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.