Leib M. Lerner (CA State Bar No. 227323)
Alina A. Ananian (CA State Bar No. 322905)
**ALSTON & BIRD LLP**
333 S. Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: leib.lerner@alston.com
Email: alina.ananian@alston.com

Attorneys for Global Experience Specialist
f/k/a GES Exposition Services, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Bankruptcy Case No. 19-13584-TA |
| Coastal International Inc., | Chapter 11 |
| Debtor | **OBJECTION OF GLOBAL EXPERIENCE SPECIALIST TO DEBTOR'S FORM OF ORDER AND PROPOSED ALTERNATE INTERIM ORDER GRANTING EMERGENCY MOTION FOR ORDER APPROVING STIPULATION FOR THE USE OF CASH COLLATERAL** |
| | Hearing<br>Date:  September 18, 2019<br>Time:  11:00 a.m.<br>Place:  411 West Fourth Street<br>Suite 5085/Courtroom 5B<br>Santa Ana, CA 92701 |

OBJECTION TO CASH COLLATERAL ORDER

LEGAL02/39253626v2

1    On September 19, 2019, at 12:56 p.m., attorney Reem Bello, counsel for Debtor Coastal

2  International, Inc., circulated the three proposed orders on the Emergency Payroll Motion [Doc.

3  11 & 18], Emergency Cash Collateral Motion [Doc. 12] and Emergency Financing Motion [Doc.

4  13]. *See* **Exhibit A**. The documents were sent in PDF rather than MS Word.

5    At 3:11 p.m., counsel for Global Experience Specialist f/k/a GES Exposition Services,

6  Inc. ("**GES**") sent an email to Debtor's counsel with a markup of all three orders. *See* **Exhibit B**

7  and interlineations noted on the markup.

8    At 3:35 pm, Ms. Bello informed counsel for GES that the Debtor uploaded the three

9  orders prior to receiving any comments from GES.

10    In accordance with LBR 9021-1(b)(3)(B), at approximately 3:45 pm, GES called

11  Chambers to inform the Court that a form of alternate proposed order would be submitted for

12  each of the three orders.  GES subsequently met and conferred with Debtor's counsel via phone

13  and email, but is informed that the Debtor has not uploaded revised orders to conform to GES's

14  requested changes.

15    During the process, it became apparent that the Debtor viewed the interim cash collateral

16  order as authorizing relief well beyond anything requested in the Cash Collateral Motion or

17  discussed or authorized by the Court at the September 18 emergency hearing.  Indeed, as is

18  reflected on **Exhibit C,** the Debtor now asserts for the first time – without having requested it in

19  the Motion and contrary to black letter bankruptcy law – that it should be authorized to pay "any

20  debts incurred prior to the Petition Date, in the ordinary course of business" and not just the

21  specific pre-petition debts disclosed (albeit without a budget) in the Payroll Motion and

22  authorized by the Court.  *See* **Exhibit C**.  Based on this assertion, the Debtor's intent is now

23  crystal-clear: without disclosing it to the Court or the parties, the Debtor is seeking to abuse the

24  bankruptcy process and the automatic stay to stop GES from collecting on its judgment, *while*

25  *paying virtually all other creditors in full within days of its bankruptcy filing*.  This is an

26  outrageous abuse of the bankruptcy process, contrary to the central tenets of the bankruptcy code,

27  which require similarly situated creditors to be treated the same and should not be permitted.  To

28  the extent the Debtor believes that any of the undisclosed pre-petition debts are so important that

1  they must be paid in full, the Debtor should be required to file a "critical vendor" type motion

2  identifying those debts and seeking the appropriate relief from this Court.

3          With regard to the Emergency Cash Collateral Motion [Doc. 12], the form of Debtor's

4  order is attached as **Exhibit D**.  GES's proposed alternate form of order is attached as **Exhibit E**.

5  The specific changes are:

6          **Caption Page** – The caption should begin with the word "Interim".

7          **Paragraph 3** – The alternate proposed order clarifies that any post-petition professional

8  fees and costs can only be paid in compliance with the requirements of the Bankruptcy Code

9  relating to interim and final fee applications pursuant to 11 U.S.C. §§ 330 and 331.

10          **Paragraph 5** – The alternate proposed order clarifies the retention of rights by the Debtor

11  and bank as proposed in the Motion, Page 9, lines 8-9.

12          **Paragraph 6** – The alternate form of order inserts language that tracks the relief requested

13  in the Motion, Page 9, line 23 through Page 10, line 2.

14          **Debtor Paragraphs 7-11** – The alternate proposed order deletes these five paragraphs.

15  None of this language or relief was requested in this Motion, authorized by the Court or agreed to

16  by the Debtor in the Stipulation.

17          **Debtor Paragraph 12** – Has been renumbered in the alternate proposed order to

18  Paragraph No. 7.

19          **New Paragraph 8** – The alternate proposed order copies almost verbatim, changed only

20  for grammar, the end of the last sentence in Debtor's Motion, Page 11, lines 22-25.  The Debtor

21  represented to the Court that it would not pay any pre-petition debts other than as authorized by

22  the Court.  It should be held to that in the Interim Cash Collateral Order.

23          GES respectfully requests that the Court enter the alternate proposed order attached as

24  Exhibit D hereto.

25

26

27

28

3

OBJECTION TO CASH COLLATERAL ORDER

1

2

Dated:  September 20, 2019                **ALSTON & BIRD LLP**

3

4

**By: /s/ Leib M. Lerner**

5

Attorneys for Global Experience Specialist
f/k/a GES Exposition Services, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

LEGAL02/39253626v2

# EXHIBIT A

## Lerner, Leib

| | |
|---|---|
| **From:** | Reem Bello <rbello@lwgfllp.com> |
| **Sent:** | Thursday, September 19, 2019 12:56 PM |
| **To:** | waterman.steven@dorsey.com; 'baker.megan@dorsey.com'; Lerner, Leib; 'Goldenberg, Nancy  (USTP)' |
| **Cc:** | Kelly Adele; Jeff Golden |
| **Subject:** | All three order in Coastal International from the 9/18/19 Hearings |
| **Attachments:** | Order on Emergency Motion for Cash Collateral.pdf; Order re Postpetition Financing.pdf; Order Granting Emergency Motion Authorizing Payment of Payroll.pdf |

**EXTERNAL SENDER – Proceed with caution**

Counsel,

Please review all three proposed orders from yesterday's hearing. Because the Court did not set a specific date, I changed the date of the bank account closures and the honoring of checks to the date of the continued hearing on October 24, 2019. (Ignore the versions sent previously). Thank you.

### Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Reem J. Bello, State Bar No. 198840
rbello@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Proposed Attorneys for Debtor
and Debtor-in-Possession,
Coastal International, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:19-bk-13584 TA |
| COASTAL INTERNATIONAL, INC., a Nevada corporation, | Chapter 11 |
|       Debtor and Debtor-in-Possession. | **ORDER GRANTING EMERGENCY MOTION FOR ORDER:** |

**(1) APPROVING STIPULATION FOR THE USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. SECTIONS 363(c)(2) AND 363(b)(1) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(d); AND**

**(2) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS AND HONORING OF PRE-PETITION CHECKS FOR A LIMITED PERIOD OF TIME PURSUANT TO 11 U.S.C. SECTIONS 105, 345, and 363**

**DATE:    September 18, 2019**
**TIME:    11:00 a.m.**
**CTRM:    5B**

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1234913.1

CASH COLLATERAL ORDER

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    On September 18, 2019, the Court held an emergency hearing on the motion of

2 Coastal International, Inc., the debtor and debtor-in-possession ("Debtor") in the above-

3 captioned chapter 11 bankruptcy case ("Case"), for an order approving the cash collateral

4 stipulation (the "Cash Collateral Stipulation") entered into between the Debtor and the

5 Debtor's secured creditor Transportation Alliance Bank Inc. dba TAB Bank ("TAB Bank")

6 and for an order to maintain all existing bank accounts and to have pre-petition checks

7 honored for a limited period of time ("Cash Collateral Motion").  Appearances were as

8 noted on the record.

9    The Court having read and considered the Cash Collateral Motion, heard the

10 discussion on the record, and with good cause shown,

11    **IT IS ORDERED:**

12    1.    The Debtor is authorized to use cash collateral of TAB Bank pursuant to

13 section 363(c)(2) of the Bankruptcy Code on an interim basis through and including

14 October 24, 2019, to pay for ordinary and necessary expenses in accordance with its

15 agreement with TAB Bank;

16    2.    TAB Bank is granted a replacement lien on the Debtor's assets, including

17 post-petition acquired assets, with the same extent, validity and priority as TAB Bank was

18 entitled to on the Petition Date, but not including claims or causes of action possessed by

19 the Debtor's bankruptcy estate under sections 544, 545, 547, 548, 553(b), or 723(b), and

20 all proceeds therefrom;

21    3.    Debtor may use TAB Bank's cash collateral to pay any post-petition

22 professional fees and costs of the Debtor in the ordinary course;

23    4.    Debtor reserves the right to seek additional use of cash collateral or to seek

24 modification of the use of cash collateral, and, TAB Bank reserves the right to seek

25 modification or termination of the use of cash collateral;

26    5.    Neither the Debtor nor TAB Bank waive or release of any of the rights,

27 claims, or defenses;

28

6.    Debtor is authorized to maintain its existing bank accounts (the "Bank Accounts") located at TAB Bank through and including October 24, 2019;

7.    All banks are directed to honor all of Debtor's pre-petition checks, and all banks are prohibited from placing any holds on, or attempting to reverse, any automatic transfers on account of the foregoing;

8.    TAB Bank is authorized and its actions are ratified for the payment of pre-petition checks;

9.    TAB Bank is directed, on an interim basis, through and including October 24, 2019, to honor all pre-petition checks presented for payment and all fund transfer requests made by the Debtor, to the extent that sufficient funds are on deposit in the applicable accounts at TAB Bank;

10.    TAB Bank is authorized, but not directed, to rely on the representations of the Debtor with respect to whether any check or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored and to honor those checks;

11.    TAB Bank shall not have any liability to any party, including under 11 U.S.C. §549; and

12.    The requirements of 11 U.S.C. § 345(b) (i) and the U.S. Trustee Guidelines requiring the closing of Debtor's existing bank accounts and opening of bank accounts in certain financial institutions are waived on an interim basis through and including October 24, 2019.

###

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  **WEILAND GOLDEN GOODRICH LLP**
   Jeffrey I. Golden, State Bar No. 133040
2  jgolden@wgllp.com
   Reem J. Bello, State Bar No. 198840
3  rbello@wgllp.com
   Ryan W. Beall, State Bar No. 313774
4  rbeall@wgllp.com
   650 Town Center Drive, Suite 600
5  Costa Mesa, California 92626
   Telephone    714-966-1000
6  Facsimile    714-966-1002

7  Proposed Attorneys for Debtor
   and Debtor-in-Possession,
8  Coastal International, Inc.

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                 **SANTA ANA DIVISION**

12  In re                                Case No. 8:19-bk-13584 TA

13  COASTAL INTERNATIONAL, INC., a       Chapter 11
    Nevada corporation
14                                       **ORDER GRANTING EMERGENCY**
                                         **MOTION FOR ORDER AUTHORIZING**
15          Debtor and Debtor-in-        **PAYMENT AND HONORING OF PRE-**
            Possession.                  **PETITION PAYROLL OBLIGATIONS**
16
                                         **DATE:    September 18, 2019**
17                                       **TIME:    11:00 a.m.**
                                         **CTRM:   5B**
18

19

20       On September 18, 2019, the Court held an emergency hearing on the motion of

21  Coastal International, Inc., the debtor and debtor-in-possession ("Debtor") in the above-

22  captioned chapter 11 bankruptcy case ("Case"), for an order authorizing payment of pre-

23  petition payroll obligations ("Payroll Motion").  Appearances were made as noted on the

24  record.

25       The Court having read and considered the Payroll Motion, heard the discussion on

26  the record, and with good cause shown,

27

28
    1234912.1
                                                              PAYROLL ORDER

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**IT IS ORDERED:**

1.      Debtor is authorized to pay pre-petition employee wage and salary obligations owed by Debtor up to the priority limit in Section 507(a)(4) of the United States Bankruptcy Code, and associated tax liability for the pre-petition payroll obligations, but not to any independent contractors or insiders of the Debtor as defined by 11 U.S.C. Section 101(31);

2.      Debtor is authorized to pay pre-petition reimbursement of ordinary course pre-petition employment business expenses in accordance with company policy up to a maximum of $5,000;

3.      Debtor is authorized to pay benefit obligations including 401(k) plan employer contributions, worker's compensation, medical, dental, life insurance, disability insurance, union benefits, and miscellaneous other benefits incurred and payable in the ordinary course;

4.      Debtor is authorized to honor all pre-petition vacation pay, sick leave, holiday pay, jury duty pay, and other paid leave claims in the ordinary course;

5.      Debtor is authorized to retain its pre-petition payroll account(s) and all general operating accounts through and including October 24, 2019 and directing the banks or other financial institution not to otherwise impair Debtor's ability to deposit funds into and to withdraw funds from said account(s);

6.      Debtor is authorized to take all actions reasonable and necessary to comply with its obligations to its existing payroll services such as ADP;

7.      All banks are directed to honor all of Debtor's pre-petition payroll checks, and all banks are prohibited from placing any holds on, or attempting to reverse, any automatic transfers on account of the foregoing; and

8.      TAB Bank is authorized and its actions are ratified for the payment of pre-petition payroll checks;

9.      TAB Bank is directed, on an interim basis, through and including October 24, 2019, to honor all pre-petition checks presented for payment and all fund transfer requests

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  made by the Debtor, to the extent that sufficient funds are on deposit in the applicable

2  accounts at TAB Bank;

3      10.    TAB Bank is authorized, but not directed, to rely on the representations of the

4  Debtor with respect to whether any check or other transfer drawn or issued by the Debtor

5  prior to the Petition Date should be honored and to honor those checks; and

6      11.    TAB Bank shall not have any liability to any party, including under 11 U.S.C.

7  §549.

8                                            ###

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  **WEILAND GOLDEN GOODRICH LLP**
   Jeffrey I. Golden, State Bar No. 133040
2  jgolden@wgllp.com
   Reem J. Bello, State Bar No. 198840
3  rbello@wgllp.com
   Ryan W. Beall, State Bar No. 313774
4  rbeall@wgllp.com
   650 Town Center Drive, Suite 600
5  Costa Mesa, California 92626
   Telephone   714-966-1000
6  Facsimile    714-966-1002

7  Proposed Attorneys for Debtor
   and Debtor-in-Possession,
8  Coastal International, Inc.

<div align="center">

**UNITED STATES BANKRUPTCY COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10  **SANTA ANA DIVISION**

</div>

11

12  In re                                          Case No. 8:19-bk-13584-TA

13  COASTAL INTERNATIONAL, INC., a                 Chapter 11
    Nevada corporation,

14           Debtor and Debtor-in-               **ORDER GRANTING EMERGENCY
             Possession.                          MOTION FOR ORDER AUTHORIZING
15                                                DEBTOR TO OBTAIN POSTPETITION
                                                  FINANCING PURSUANT TO 11 U.S.C. §§
16                                                105, 361, 362 AND 364; MEMORANDUM
                                                  OF POINTS AND AUTHORITIES; AND
17                                                DECLARATION OF BRUCE GREEN IN
                                                  SUPPORT THEREOF**

18                                                **DATE:   September 18, 2019
                                                  TIME:    11:00 a.m.
19                                                CTRM:    5B**

20

21

22

23        On September 18, 2019, the Court held an emergency hearing on the motion of

24  Coastal International, Inc., the debtor and debtor-in-possession ("Debtor") in the above-

25  captioned chapter 11 bankruptcy case ("Case"), for an order authorizing the Debtor to

26  obtain post-petition financing pursuant to 11 U.S.C. §§ 105, 361, 362, and 364 ("DIP

27  Financing Motion") from Debtor's secured creditor Transportation Alliance Bank Inc. dba

28  TAB Bank ("TAB Bank").  Appearances were as noted on the record.

1234915.1                                                          DIP FINANCING ORDER

<div style="writing-mode: vertical-rl;">

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

</div>

1   The Court having read and considered the DIP Financing Motion, heard the

2   discussion on the record, and with good cause shown,

3   **IT IS ORDERED:**

4   1.    Debtor is authorized to enter into the Accounts Receivable Purchase and

5   Security Agreement ("DIP Financing Agreement") with TAB Bank, attached to the DIP

6   Financing Motion as Exhibit "3", on an interim basis through and including October 24,

7   2019.

8   2.    The terms of the DIP Financing Agreement are approved, except those

9   provisions relating to releases and indemnification.

10   3.    The origination and attorneys' fees provisions of the DIP Financing

11   Agreement are approved as set forth on the record.

###

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1234915.1                    2                    DIP FINANCING ORDER

# EXHIBIT B

## Lerner, Leib

| | |
|---|---|
| **From:** | Lerner, Leib |
| **Sent:** | Thursday, September 19, 2019 3:11 PM |
| **To:** | Reem Bello; waterman.steven@dorsey.com; 'baker.megan@dorsey.com'; 'Goldenberg, Nancy  (USTP)' |
| **Cc:** | Kelly Adele; Jeff Golden |
| **Subject:** | RE: All three order in Coastal International from the 9/18/19 Hearings |
| **Attachments:** | Coastal interim orders LL comments.pdf |

Counsel,

Attached are my comments.  Happy to discuss.

Leib M. Lerner
Alston & Bird LLP
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
(213) 576-1000
(213) 576-1193 (direct)
(213) 576-1100 (fax)
leib.lerner@alston.com

---

**From:** Reem Bello <rbello@lwgfllp.com>
**Sent:** Thursday, September 19, 2019 12:56 PM
**To:** waterman.steven@dorsey.com; 'baker.megan@dorsey.com' <baker.megan@dorsey.com>; Lerner, Leib
<Leib.Lerner@alston.com>; 'Goldenberg, Nancy (USTP)' <Nancy.Goldenberg@usdoj.gov>
**Cc:** Kelly Adele <kadele@lwgfllp.com>; Jeff Golden <jgolden@lwgfllp.com>
**Subject:** All three order in Coastal International from the 9/18/19 Hearings

**<span style="color:red">EXTERNAL SENDER – Proceed with caution</span>**

---

Counsel,

Please review all three proposed orders from yesterday's hearing. Because the Court did not set a specific date, I
changed the date of the bank account closures and the honoring of checks to the date of the continued hearing on
October 24, 2019. (Ignore the versions sent previously). Thank you.

### Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and
others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or
taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in
Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in;
Security, archiving and compliance. To find out more Click Here.

1   **WEILAND GOLDEN GOODRICH LLP**
    Jeffrey I. Golden, State Bar No. 133040
2   jgolden@wgllp.com
    Reem J. Bello, State Bar No. 198840
3   rbello@wgllp.com
    Ryan W. Beall, State Bar No. 313774
4   rbeall@wgllp.com
    650 Town Center Drive, Suite 600
5   Costa Mesa, California 92626
    Telephone    714-966-1000
6   Facsimile    714-966-1002

7   Proposed Attorneys for Debtor
    and Debtor-in-Possession,
8   Coastal International, Inc.

*Leib Lerner
Comments
9/19/19*

9              **UNITED STATES BANKRUPTCY COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11                  **SANTA ANA DIVISION**

12   In re                           Case No. 8:19-bk-13584 TA

13   COASTAL INTERNATIONAL, INC., a   Chapter 11
     Nevada corporation
14                                    **ORDER GRANTING EMERGENCY
              Debtor and Debtor-in-   MOTION FOR ORDER AUTHORIZING
15            Possession.             PAYMENT AND HONORING OF PRE-
                                      PETITION PAYROLL OBLIGATIONS**
16
                                      **DATE:    September 18, 2019**
17                                    **TIME:    11:00 a.m.**
                                      **CTRM:    5B**
18

19

20        On September 18, 2019, the Court held an emergency hearing on the motion of

21   Coastal International, Inc., the debtor and debtor-in-possession ("Debtor") in the above-

22   captioned chapter 11 bankruptcy case ("Case"), for an order authorizing payment of pre-

23   petition payroll obligations ("Payroll Motion").  Appearances were made as noted on the

24   record.

25        The Court having read and considered the Payroll Motion, heard the discussion on

26   the record, and with good cause shown,

27

28
     1234912.1                                              PAYROLL ORDER

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**IT IS ORDERED:**

1.    Debtor is authorized to pay pre-petition employee wage and salary obligations owed by Debtor up to the priority limit in Section 507(a)(4) of the United States Bankruptcy Code, and associated tax liability for the pre-petition payroll obligations, *provided however that Debtor is not authorized to make any such payments* but not to any independent contractors or insiders of the Debtor as defined by 11 U.S.C. Section 101(31);

2.    Debtor is authorized to pay pre-petition reimbursement of ordinary course pre-petition employment business expenses in accordance with company policy up to a maximum of $5,000;

3.    Debtor is authorized to pay benefit obligations including 401(k) plan employer contributions, worker's compensation, medical, dental, life insurance, disability insurance, union benefits, and miscellaneous other benefits incurred and payable in the ordinary course;

4.    Debtor is authorized to honor all pre-petition vacation pay, sick leave, holiday pay, jury duty pay, and other paid leave claims in the ordinary course;

5.    Debtor is authorized to retain its pre-petition payroll account(s) and all general operating accounts through and including October 24, 2019 and ~~directing~~ the banks or other financial institution *is directed* not to otherwise impair Debtor's ability to deposit funds into and to withdraw funds from said account(s);

6.    Debtor is authorized to take all actions reasonable and necessary to comply with its obligations to its existing payroll services such as ADP;

7.    All banks are directed to honor all of Debtor's pre-petition payroll checks, and all banks are prohibited from placing any holds on, or attempting to reverse, any automatic transfers on account of the foregoing; and

8.    TAB Bank is authorized and its actions are ratified for the payment of pre-petition payroll checks;

9.    TAB Bank is directed, on an interim basis, through and including October 24, 2019, to honor all pre-petition checks presented for payment and all fund transfer requests

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  made by the Debtor, to the extent that sufficient funds are on deposit in the applicable

2  accounts at TAB Bank;

3      10.    TAB Bank is authorized, but not directed, to rely on the representations of the

4  Debtor with respect to whether any check or other transfer drawn or issued by the Debtor

5  prior to the Petition Date should be honored and to honor those checks; ~~and~~ and

6      *The* TAB Bank shall not have any liability to any party, including under 11 U.S.C.

7  §549, *for relying on such representations by the Debtor.*

8                                ###

Welland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002



4

1  **WEILAND GOLDEN GOODRICH LLP**
   Jeffrey I. Golden, State Bar No. 133040
2  jgolden@wgllp.com
   Reem J. Bello, State Bar No. 198840
3  rbello@wgllp.com
   Ryan W. Beall, State Bar No. 313774
4  rbeall@wgllp.com
   650 Town Center Drive, Suite 600
5  Costa Mesa, California 92626
   Telephone    714-966-1000
6  Facsimile    714-966-1002

7  Proposed Attorneys for Debtor
   and Debtor-in-Possession,
8  Coastal International, Inc.

9

10                    **UNITED STATES BANKRUPTCY COURT**

11                     **CENTRAL DISTRICT OF CALIFORNIA**

12                          **SANTA ANA DIVISION**

13  In re                              Case No. 8:19-bk-13584 TA

14  COASTAL INTERNATIONAL, INC., a     Chapter 11
    Nevada corporation,                Interim
15                                     **ORDER GRANTING EMERGENCY
           Debtor and Debtor-in-       MOTION FOR ORDER:**
16         Possession.
                                       **(1) APPROVING STIPULATION FOR
17                                          THE USE OF CASH COLLATERAL
                                           PURSUANT TO 11 U.S.C.
18                                         SECTIONS 363(c)(2) AND 363(b)(1)
                                           AND FEDERAL RULE OF
19                                         BANKRUPTCY PROCEDURE
                                           4001(d); AND**
20                                     **(2) AUTHORIZING MAINTENANCE OF
                                           EXISTING BANK ACCOUNTS AND
21                                         HONORING OF PRE-PETITION
                                           CHECKS FOR A LIMITED PERIOD
22                                         OF TIME PURSUANT TO 11 U.S.C.
                                           SECTIONS 105, 345, and 363**

23
                                       **DATE:    September 18, 2019**
24                                     **TIME:    11:00 a.m.**
                                       **CTRM:    5B**
25

26

27

28

1234913.1                                      Interim    CASH COLLATERAL ORDER



1   On September 18, 2019, the Court held an emergency hearing on the motion of

2   Coastal International, Inc., the debtor and debtor-in-possession ("Debtor") in the above-

3   captioned chapter 11 bankruptcy case ("Case"), for an order approving the cash collateral

4   stipulation (the "Cash Collateral Stipulation") entered into between the Debtor and the

5   Debtor's secured creditor Transportation Alliance Bank Inc. dba TAB Bank ("TAB Bank")

6   and for an order to maintain all existing bank accounts and to have pre-petition checks

7   honored for a limited period of time ("Cash Collateral Motion").   Appearances were as

8   noted on the record.

9       The Court having read and considered the Cash Collateral Motion, heard the

10  discussion on the record, and with good cause shown,

11      **IT IS ORDERED:**

12      1.      The Debtor is authorized to use cash collateral of TAB Bank pursuant to

13  section 363(c)(2) of the Bankruptcy Code on an interim basis through and including

14  October 24, 2019, to pay for ordinary and necessary expenses in accordance with its

15  agreement with TAB Bank;

16      2.      TAB Bank is granted a replacement lien on the Debtor's assets, including

17  post-petition acquired assets, with the same extent, validity and priority as TAB Bank was

18  entitled to on the Petition Date, but not including claims or causes of action possessed by

19  the Debtor's bankruptcy estate under sections 544, 545, 547, 548, 553(b), or 723(b), and

20  all proceeds therefrom;

21      3.      Debtor may use TAB Bank's cash collateral to pay any post-petition

22  professional fees and costs of the Debtor in the ordinary course; subject to the requirements of  11 U.S.C. §§ 330 and 331.

23      4.      Debtor reserves the right to seek additional use of cash collateral or to seek

24  modification of the use of cash collateral, and, TAB Bank reserves the right to seek

25  modification or termination of the use of cash collateral;

26      5.      Neither the Debtor nor TAB Bank waive or release of any of the rights,

27  claims, or defenses;

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1234913.1                                    2                        CASH COLLATERAL ORDER



6.      Debtor is authorized to maintain its existing bank accounts (the "Bank Accounts") located at TAB Bank through and including October 24, 2019; *and pre-petition*

~~7.      All banks are directed to honor all of Debtor's pre-petition checks, and all banks are prohibited from placing any holds on, or attempting to reverse, any automatic transfers on account of the foregoing;~~

~~8.      TAB Bank is authorized and its actions are ratified for the payment of pre-petition checks;~~

~~9.      TAB Bank is directed, on an interim basis, through and including October 24, 2019, to honor all pre-petition checks presented for payment and all fund transfer requests made by the Debtor, to the extent that sufficient funds are on deposit in the applicable accounts at TAB Bank;~~

~~10.      TAB Bank is authorized, but not directed, to rely on the representations of the Debtor with respect to whether any check or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored and to honor those checks;~~

~~11.      TAB Bank shall not have any liability to any party, including under 11 U.S.C. §549; and~~

7. ~~12.~~    The requirements of 11 U.S.C. § 345(b) (i) and the U.S. Trustee Guidelines requiring the closing of Debtor's existing bank accounts and opening of bank accounts in certain financial institutions are waived on an interim basis through and including October 24, 2019.

*8. Debtor will not pay, and TAB Bank ~~with~~ ### is directed not to pay, any debts incurred before the Petition Date, other than as authorized by this Court.*

*checks shall be honored from the Bank Accounts during this period.*

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

7



1  **WEILAND GOLDEN GOODRICH LLP**
   Jeffrey I. Golden, State Bar No. 133040
2  jgolden@wgllp.com
   Reem J. Bello, State Bar No. 198840
3  rbello@wgllp.com
   Ryan W. Beall, State Bar No. 313774
4  rbeall@wgllp.com
   650 Town Center Drive, Suite 600
5  Costa Mesa, California 92626
   Telephone    714-966-1000
6  Facsimile    714-966-1002

7  Proposed Attorneys for Debtor
   and Debtor-in-Possession,
8  Coastal International, Inc.

9              **UNITED STATES BANKRUPTCY COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11               **SANTA ANA DIVISION**

12  In re                              Case No. 8:19-bk-13584-TA

13  COASTAL INTERNATIONAL, INC., a     Chapter 11
    Nevada corporation,                Interim
                                       **ORDER GRANTING EMERGENCY**
14       Debtor and Debtor-in-         **MOTION FOR ORDER AUTHORIZING**
         Possession.                   **DEBTOR TO OBTAIN POSTPETITION**
15                                      **FINANCING PURSUANT TO 11 U.S.C. §§**
                                       **105, 361, 362 AND 364; ~~MEMORANDUM~~**
16                                     ~~**OF POINTS AND AUTHORITIES; AND**~~
                                       ~~**DECLARATION OF BRUCE GREEN IN**~~
17                                     ~~**SUPPORT THEREOF**~~

18                                      **DATE:    September 18, 2019**
                                        **TIME:    11:00 a.m.**
19                                      **CTRM:   5B**

20

21

22

23        On September 18, 2019, the Court held an emergency hearing on the motion of

24  Coastal International, Inc., the debtor and debtor-in-possession ("Debtor") in the above-

25  captioned chapter 11 bankruptcy case ("Case"), for an order authorizing the Debtor to

26  obtain post-petition financing pursuant to 11 U.S.C. §§ 105, 361, 362, and 364 ("DIP

27  Financing Motion") from Debtor's secured creditor Transportation Alliance Bank Inc. dba

28  TAB Bank ("TAB Bank").  Appearances were as noted on the record.

1234915.1                                      Interim  DIP FINANCING ORDER



1    The Court having read and considered the DIP Financing Motion, heard the

2    discussion on the record, and with good cause shown,

3    **IT IS ORDERED:**

4    1.    Debtor is authorized to enter into the Accounts Receivable Purchase and

5    Security Agreement ("DIP Financing Agreement") with TAB Bank, attached to the DIP

6    Financing Motion as Exhibit "3", on an interim basis through and including October 24,

7    2019.

8    2.    The terms of the DIP Financing Agreement are approved *— on an interim basis* except those

9    provisions relating to releases and indemnification, *which are not approved.*

10    3.    The ~~Origination and Attorneys~~ *Fee    Documentation Fee in* ~~fees provisions of~~ the DIP Financing

11    Agreement are approved as set forth on the record.

12    ###

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 • Fax 714-966-1002

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT  C

## Lerner, Leib

| | |
|---|---|
| **From:** | Lerner, Leib |
| **Sent:** | Thursday, September 19, 2019 5:36 PM |
| **To:** | Reem Bello |
| **Cc:** | Kelly Adele; Jeff Golden; 'Goldenberg, Nancy  (USTP)' |
| **Subject:** | RE: All three order in Coastal International from the 9/18/19 Hearings |

I never said "just payroll checks."  The payroll motion included other ordinary course payments, and the discussion in court revolved around those, not some general concept of "debt".  What the Court authorized (and what you asked for) is entirely different than the language you are now proposing, which the Court certainly did not order.  In fact, your cash collateral motion explicitly says the language that we are requesting, precisely for the reason that it now appears that the Debtor is attempting to pay pre-petition debt not approved by the Court.

**From:** Reem Bello <rbello@lwgfllp.com>
**Sent:** Thursday, September 19, 2019 5:23 PM
**To:** Lerner, Leib <Leib.Lerner@alston.com>
**Cc:** Kelly Adele <kadele@lwgfllp.com>; Jeff Golden <jgolden@lwgfllp.com>
**Subject:** RE: All three order in Coastal International from the 9/18/19 Hearings

**EXTERNAL SENDER – Proceed with caution**

Leib,

The Court said more than once that it was authorizing the Debtor to pay pre-petition debts in the ordinary course of business, not just payroll checks.  The Court stated "in the ordinary course" and it was clear that it was not just for payroll checks.  It is not opposite to what the Debtor requested as we are not paying checks not authorized by the Court.  The Court authorized the honoring of pre-petition checks.

**From:** Lerner, Leib [mailto:Leib.Lerner@alston.com]
**Sent:** Thursday, September 19, 2019 5:16 PM
**To:** Reem Bello <rbello@lwgfllp.com>; waterman.steven@dorsey.com; 'baker.megan@dorsey.com' <baker.megan@dorsey.com>; 'Goldenberg, Nancy (USTP)' <Nancy.Goldenberg@usdoj.gov>
**Cc:** Kelly Adele <kadele@lwgfllp.com>; Jeff Golden <jgolden@lwgfllp.com>
**Subject:** RE: All three order in Coastal International from the 9/18/19 Hearings

Just so that I understand, are you now asking the Court to approve payment of pre-petition debts that are not included in your payroll motion?  If so, that is not something that GES can agree to, and it is entirely opposite to what the Debtor represented in its Cash Collateral Motion on page 11.

Leib

**From:** Reem Bello <rbello@lwgfllp.com>
**Sent:** Thursday, September 19, 2019 5:11 PM
**To:** Lerner, Leib <Leib.Lerner@alston.com>; waterman.steven@dorsey.com; 'baker.megan@dorsey.com' <baker.megan@dorsey.com>; 'Goldenberg, Nancy (USTP)' <Nancy.Goldenberg@usdoj.gov>

**Cc:** Kelly Adele <kadele@lwgfllp.com>; Jeff Golden <jgolden@lwgfllp.com>
**Subject:** RE: All three order in Coastal International from the 9/18/19 Hearings

**EXTERNAL SENDER – Proceed with caution**

Leib,

If TAB Bank agrees, we are fine with the revisions, except paragraph 8 to the cash collateral order.  We will agree to the following for paragraph 8:

"Debtor is authorized to pay, and TAB Bank is directed to pay, any debts incurred prior to the Petition Date, in the ordinary course of business."

Please let me know if you are in agreement, so that we may revise and submit to the Court (if TAB Bank agrees).  Thank you.

**From:** Lerner, Leib [mailto:Leib.Lerner@alston.com]
**Sent:** Thursday, September 19, 2019 3:11 PM
**To:** Reem Bello <rbello@lwgfllp.com>; waterman.steven@dorsey.com; 'baker.megan@dorsey.com' <baker.megan@dorsey.com>; 'Goldenberg, Nancy (USTP)' <Nancy.Goldenberg@usdoj.gov>
**Cc:** Kelly Adele <kadele@lwgfllp.com>; Jeff Golden <jgolden@lwgfllp.com>
**Subject:** RE: All three order in Coastal International from the 9/18/19 Hearings

Counsel,

Attached are my comments.  Happy to discuss.

Leib M. Lerner
Alston & Bird LLP
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
(213) 576-1000
(213) 576-1193 (direct)
(213) 576-1100 (fax)
leib.lerner@alston.com

**From:** Reem Bello <rbello@lwgfllp.com>
**Sent:** Thursday, September 19, 2019 12:56 PM
**To:** waterman.steven@dorsey.com; 'baker.megan@dorsey.com' <baker.megan@dorsey.com>; Lerner, Leib <Leib.Lerner@alston.com>; 'Goldenberg, Nancy (USTP)' <Nancy.Goldenberg@usdoj.gov>
**Cc:** Kelly Adele <kadele@lwgfllp.com>; Jeff Golden <jgolden@lwgfllp.com>
**Subject:** All three order in Coastal International from the 9/18/19 Hearings

**EXTERNAL SENDER – Proceed with caution**

Counsel,

Please review all three proposed orders from yesterday's hearing. Because the Court did not set a specific date, I changed the date of the bank account closures and the honoring of checks to the date of the continued hearing on October 24, 2019. (Ignore the versions sent previously). Thank you.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

---

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

# EXHIBIT D

1  **WEILAND GOLDEN GOODRICH LLP**
   Jeffrey I. Golden, State Bar No. 133040
2  jgolden@wgllp.com
   Reem J. Bello, State Bar No. 198840
3  rbello@wgllp.com
   Ryan W. Beall, State Bar No. 313774
4  rbeall@wgllp.com
   650 Town Center Drive, Suite 600
5  Costa Mesa, California 92626
   Telephone    714-966-1000
6  Facsimile    714-966-1002

7  Proposed Attorneys for Debtor
   and Debtor-in-Possession,
8  Coastal International, Inc.

9

10                    **UNITED STATES BANKRUPTCY COURT**

11                    **CENTRAL DISTRICT OF CALIFORNIA**

                      **SANTA ANA DIVISION**
12

13  In re                              | Case No. 8:19-bk-13584 TA

14  COASTAL INTERNATIONAL, INC., a     | Chapter 11
    Nevada corporation,
15                                      | **ORDER GRANTING EMERGENCY**
              Debtor and Debtor-in-    | **MOTION FOR ORDER:**
16            Possession.
                                        | **(1) APPROVING STIPULATION FOR**
17                                      |     **THE USE OF CASH COLLATERAL**
                                        |     **PURSUANT TO 11 U.S.C.**
18                                      |     **SECTIONS 363(c)(2) AND 363(b)(1)**
                                        |     **AND FEDERAL RULE OF**
19                                      |     **BANKRUPTCY PROCEDURE**
                                        |     **4001(d); AND**
20                                      | **(2) AUTHORIZING MAINTENANCE OF**
                                        |     **EXISTING BANK ACCOUNTS AND**
21                                      |     **HONORING OF PRE-PETITION**
                                        |     **CHECKS FOR A LIMITED PERIOD**
22                                      |     **OF TIME PURSUANT TO 11 U.S.C.**
                                        |     **SECTIONS 105, 345, and 363**
23
                                        | **DATE:    September 18, 2019**
24                                      | **TIME:    11:00 a.m.**
                                        | **CTRM:   5B**
25

26

27

28

1234913.1                              CASH COLLATERAL ORDER

*Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002*

1    On September 18, 2019, the Court held an emergency hearing on the motion of

2 Coastal International, Inc., the debtor and debtor-in-possession ("Debtor") in the above-

3 captioned chapter 11 bankruptcy case ("Case"), for an order approving the cash collateral

4 stipulation (the "Cash Collateral Stipulation") entered into between the Debtor and the

5 Debtor's secured creditor Transportation Alliance Bank Inc. dba TAB Bank ("TAB Bank")

6 and for an order to maintain all existing bank accounts and to have pre-petition checks

7 honored for a limited period of time ("Cash Collateral Motion").  Appearances were as

8 noted on the record.

9    The Court having read and considered the Cash Collateral Motion, heard the

10 discussion on the record, and with good cause shown,

11    **IT IS ORDERED:**

12    1.    The Debtor is authorized to use cash collateral of TAB Bank pursuant to

13 section 363(c)(2) of the Bankruptcy Code on an interim basis through and including

14 October 24, 2019, to pay for ordinary and necessary expenses in accordance with its

15 agreement with TAB Bank;

16    2.    TAB Bank is granted a replacement lien on the Debtor's assets, including

17 post-petition acquired assets, with the same extent, validity and priority as TAB Bank was

18 entitled to on the Petition Date, but not including claims or causes of action possessed by

19 the Debtor's bankruptcy estate under sections 544, 545, 547, 548, 553(b), or 723(b), and

20 all proceeds therefrom;

21    3.    Debtor may use TAB Bank's cash collateral to pay any post-petition

22 professional fees and costs of the Debtor in the ordinary course;

23    4.    Debtor reserves the right to seek additional use of cash collateral or to seek

24 modification of the use of cash collateral, and, TAB Bank reserves the right to seek

25 modification or termination of the use of cash collateral;

26    5.    Neither the Debtor nor TAB Bank waive or release of any of the rights,

27 claims, or defenses;

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1234913.1

2

6.    Debtor is authorized to maintain its existing bank accounts (the "Bank Accounts") located at TAB Bank through and including October 24, 2019;

7.    All banks are directed to honor all of Debtor's pre-petition checks, and all banks are prohibited from placing any holds on, or attempting to reverse, any automatic transfers on account of the foregoing;

8.    TAB Bank is authorized and its actions are ratified for the payment of pre-petition checks;

9.    TAB Bank is directed, on an interim basis, through and including October 24, 2019, to honor all pre-petition checks presented for payment and all fund transfer requests made by the Debtor, to the extent that sufficient funds are on deposit in the applicable accounts at TAB Bank;

10.    TAB Bank is authorized, but not directed, to rely on the representations of the Debtor with respect to whether any check or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored and to honor those checks;

11.    TAB Bank shall not have any liability to any party, including under 11 U.S.C. §549; and

12.    The requirements of 11 U.S.C. § 345(b) (i) and the U.S. Trustee Guidelines requiring the closing of Debtor's existing bank accounts and opening of bank accounts in certain financial institutions are waived on an interim basis through and including October 24, 2019.

###

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

## EXHIBIT E

Leib M. Lerner (CA State Bar No. 227323)
Alina A. Ananian (CA State Bar No. 322905)
**ALSTON & BIRD LLP**
333 S. Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: leib.lerner@alston.com
Email: alina.ananian@alston.com

Attorneys for Global Experience Specialist
f/k/a GES Exposition Services, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Coastal International Inc.,<br><br>Debtor | Bankruptcy Case No. 19-13584-TA<br><br>Chapter 11<br><br>**INTERIM ORDER GRANTING EMERGENCY MOTION FOR ORDER:**<br><br>    **(1) APPROVING STIPULATION FOR THE USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. SECTIONS 363(c)(2) AND 363(b)(1) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(d); AND**<br>    **(2) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS AND HONORING OF PRE-PETITION CHECKS FOR A LIMITED PERIOD OF TIME PURSUANT TO 11 U.S.C. SECTIONS 105, 345, and 363**<br><br>Hearing<br>Date:   September 18, 2019<br>Time:   11:00 a.m.<br>Place:  411 West Fourth Street<br>        Suite 5085/Courtroom 5B<br>   Santa Ana, CA 92701 |

On September 18, 2019, the Court held an emergency hearing on the motion of Coastal International, Inc., the debtor and debtor-in-possession ("Debtor") in the above-captioned chapter 11 bankruptcy case ("Case"), for an order approving the cash collateral stipulation (the "Cash Collateral Stipulation") entered into between the Debtor and the Debtor's secured creditor Transportation Alliance Bank Inc. dba TAB Bank ("TAB Bank") and for an order to maintain all existing bank accounts and to have pre-petition checks honored for a limited period of time ("Cash Collateral Motion"). Appearances were as noted on the record.

The Court having read and considered the Cash Collateral Motion, heard the discussion on the record, and with good cause shown,

**IT IS ORDERED:**

1.      The Debtor is authorized to use cash collateral of TAB Bank pursuant to section 363(c)(2) of the Bankruptcy Code on an interim basis through and including October 24, 2019, to pay for ordinary and necessary expenses in accordance with its agreement with TAB Bank;

2.      TAB Bank is granted a replacement lien on the Debtor's assets, including post-petition acquired assets, with the same extent, validity and priority as TAB Bank was entitled to on the Petition Date, but not including claims or causes of action possessed by the Debtor's bankruptcy estate under sections 544, 545, 547, 548, 553(b), or 723(b), and all proceeds therefrom;

3.      Debtor may use TAB Bank's cash collateral to pay any post-petition professional fees and costs of the Debtor subject to the requirements of 11 U.S.C. §§ 330 and 331;

4.      Debtor reserves the right to seek additional use of cash collateral or to seek modification of the use of cash collateral, and, TAB Bank reserves the right to seek modification or termination of the use of cash collateral;

5.      Neither the Debtor nor TAB Bank waive or release of any of their rights, claims, or defenses;

6.      Debtor is authorized to maintain its existing bank accounts (the "Bank Accounts") located at TAB Bank through and including October 24, 2019 and pre-petition checks shall be honored from the Bank Accounts during this period;

7.      The requirements of 11 U.S.C. § 345(b) (i) and the U.S. Trustee Guidelines requiring the closing of Debtor's existing bank accounts and opening of bank accounts in certain financial institutions are waived on an interim basis through and including October 24, 2019;

8.      Debtor will not pay, and TAB Bank is directed not to pay, any debts incurred before the Petition Date, other than as authorized by this Court.

<div align="center">###</div>

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Alston & Bird LLP, 333 S. Hope Street, 16th Floor, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (specify):
*OBJECTION OF GLOBAL EXPERIENCE SPECIALIST TO DEBTOR'S FORM OF ORDER AND PROPOSED ALTERNATE INTERIM ORDER GRANTING EMERGENCY MOTION FOR ORDER APPROVING STIPULATION FOR THE USE OF CASH COLLATERAL*
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 9/20/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Reem J Bello     rbello@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cyoshonis@wgllp.com;cbmeeker@gmail.com
- Jeffrey I Golden     jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
- Nancy S Goldenberg     nancy.goldenberg@usdoj.gov
- Leib M Lerner     leib.lerner@alston.com, autodockettest-lax@alston.com
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On 9/20/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Theodor C. Albert
United States Bankruptcy Court
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.



I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| 9/20/2019 | Rosa Nelly Villaneda | /s/ Rosa Nelly Villaneda |
|-----------|----------------------|--------------------------|
| _Date_ | _Printed Name_ | _Signature_ |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                        **F 9013-3.1.PROOF.SERVICE**