Leib M. Lerner (CA State Bar No. 227323)
Alina A. Ananian (CA State Bar No. 322905)
**ALSTON & BIRD LLP**
333 S. Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: leib.lerner@alston.com
Email: alina.ananian@alston.com

Attorneys for Global Experience Specialist
f/k/a GES Exposition Services, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Coastal International Inc.,<br><br>Debtor | Bankruptcy Case No. 19-13584-TA<br><br>Chapter 11<br><br>**OBJECTION OF GLOBAL EXPERIENCE SPECIALIST TO DEBTOR'S FORM OF ORDER AND PROPOSED ALTERNATE INTERIM ORDER GRANTING EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT AND HONORING OF PRE-PETITION PAYROLL OBLIGATIONS**<br><br>Hearing<br>Date:  September 18, 2019<br>Time:  11:00 a.m.<br>Place:  411 West Fourth Street<br>      Suite 5085/Courtroom 5B<br>      Santa Ana, CA 92701 |

1   On September 19, 2019, at 12:56 p.m., attorney Reem Bello, counsel for Debtor Coastal

2   International, Inc., circulated the three proposed orders on the Emergency Payroll Motion [Doc.

3   11 & 18], Emergency Cash Collateral Motion [Doc. 12] and Emergency Financing Motion [Doc.

4   13]. *See* **Exhibit A**. The documents were sent in PDF rather than MS Word.

5   At 3:11 p.m., counsel for Global Experience Specialist f/k/a GES Exposition Services,

6   Inc. ("**GES**") sent an email to Debtor's counsel with a markup of all three orders. *See* **Exhibit B**

7   and interlineations noted on the markup.

8   At 3:35 pm, Ms. Bello informed counsel for GES that the Debtor uploaded the three

9   orders prior to receiving any comments from GES.

10   In accordance with LBR 9021-1(b)(3)(B), at approximately 3:45 pm, GES called

11   Chambers to inform the Court that a form of alternate proposed order would be submitted for

12   each of the three orders. GES subsequently met and conferred with Debtor's counsel via phone

13   and email, but is informed that the Debtor has not uploaded revised orders to conform to GES's

14   requested changes.

15   With regard to the Emergency Payroll Motion [Doc. 11 and 18], the form of Debtor's

16   order is attached as **Exhibit C**.

17   GES's proposed alternate form of order on the Emergency Payroll Motion is attached as

18   **Exhibit D**. The specific changes are:

19   **Paragraph 1** – GES requests that the order explicitly state that the Debtor is not

20   authorized to make payments to any independent contractors or insiders.

21   **Paragraph 5** – The Debtor's proposed order tracks section VI.(4) of the Motion, but the

22   Debtor only modifies the first clause to be grammatically correct. The alternate proposed order

23   modifies the second clause of the sentence tracked in the Motion as well.

24   **Paragraphs 10/11** – The Debtor's proposed order breaks into two sentences a single

25   sentence in its requested relief (Motion, Page 15, lines 6-12), which when read separately seems

26   to give TAB Bank a broad release, which was not contemplated in the Motion or at the hearing.

27   The alternate proposed order re-combines the language as proposed in Debtor's Motion.

28

2

OBJECTION TO PAYROLL ORDER

1       GES respectfully requests that the Court enter the alternate proposed order attached as

2 **Exhibit D** hereto.

3

4   Dated:  September 20, 2019        **ALSTON & BIRD LLP**

5

6                        By: /s/ Leib M. Lerner

7                        **ATTORNEYS FOR GLOBAL EXPERIENCE
SPECIALIST F/K/A GES EXPOSITION**

8                        **SERVICES, INC.**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTION TO PAYROLL ORDER

LEGAL02/39253482v2

## EXHIBIT A

# Lerner, Leib

| | |
|---|---|
| **From:** | Reem Bello <rbello@lwgfllp.com> |
| **Sent:** | Thursday, September 19, 2019 12:56 PM |
| **To:** | waterman.steven@dorsey.com; 'baker.megan@dorsey.com'; Lerner, Leib; 'Goldenberg, Nancy  (USTP)' |
| **Cc:** | Kelly Adele; Jeff Golden |
| **Subject:** | All three order in Coastal International from the 9/18/19 Hearings |
| **Attachments:** | Order on Emergency Motion for Cash Collateral.pdf; Order re Postpetition Financing.pdf; Order Granting Emergency Motion Authorizing Payment of Payroll.pdf |

**EXTERNAL SENDER – Proceed with caution**

Counsel,

Please review all three proposed orders from yesterday's hearing. Because the Court did not set a specific date, I changed the date of the bank account closures and the honoring of checks to the date of the continued hearing on October 24, 2019. (Ignore the versions sent previously). Thank you.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

1 | **WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
2 | jgolden@wgllp.com
Reem J. Bello, State Bar No. 198840
3 | rbello@wgllp.com
Ryan W. Beall, State Bar No. 313774
4 | rbeall@wgllp.com
650 Town Center Drive, Suite 600
5 | Costa Mesa, California 92626
Telephone    714-966-1000
6 | Facsimile    714-966-1002

7 | Proposed Attorneys for Debtor
and Debtor-in-Possession,
8 | Coastal International, Inc.

9

**UNITED STATES BANKRUPTCY COURT**

10

**CENTRAL DISTRICT OF CALIFORNIA**

11

**SANTA ANA DIVISION**

12

In re | Case No. 8:19-bk-13584 TA

13

COASTAL INTERNATIONAL, INC., a | Chapter 11
14 | Nevada corporation,

15 |     Debtor and Debtor-in- | **ORDER GRANTING EMERGENCY MOTION FOR ORDER:**
    Possession.

16 |     **(1) APPROVING STIPULATION FOR THE USE OF CASH COLLATERAL**

17 |     **PURSUANT TO 11 U.S.C. SECTIONS 363(c)(2) AND 363(b)(1)**

18 |     **AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(d); AND**

19 |     **(2) AUTHORIZING MAINTENANCE OF**

20 |     **EXISTING BANK ACCOUNTS AND HONORING OF PRE-PETITION**

21 |     **CHECKS FOR A LIMITED PERIOD OF TIME PURSUANT TO 11 U.S.C.**

22 |     **SECTIONS 105, 345, and 363**

23

24 | **DATE:    September 18, 2019**
**TIME:    11:00 a.m.**
**CTRM:    5B**

25

26

27

28

1234913.1

CASH COLLATERAL ORDER

*(left margin vertical text)* Weiland Golden Goodrich LLP / 650 Town Center Drive, Suite 600 / Costa Mesa, California 92626 / Tel 714-966-1000 · Fax 714-966-1002

1   On September 18, 2019, the Court held an emergency hearing on the motion of

2   Coastal International, Inc., the debtor and debtor-in-possession ("Debtor") in the above-

3   captioned chapter 11 bankruptcy case ("Case"), for an order approving the cash collateral

4   stipulation (the "Cash Collateral Stipulation") entered into between the Debtor and the

5   Debtor's secured creditor Transportation Alliance Bank Inc. dba TAB Bank ("TAB Bank")

6   and for an order to maintain all existing bank accounts and to have pre-petition checks

7   honored for a limited period of time ("Cash Collateral Motion").  Appearances were as

8   noted on the record.

9   The Court having read and considered the Cash Collateral Motion, heard the

10   discussion on the record, and with good cause shown,

11   **IT IS ORDERED:**

12   1.    The Debtor is authorized to use cash collateral of TAB Bank pursuant to

13   section 363(c)(2) of the Bankruptcy Code on an interim basis through and including

14   October 24, 2019, to pay for ordinary and necessary expenses in accordance with its

15   agreement with TAB Bank;

16   2.    TAB Bank is granted a replacement lien on the Debtor's assets, including

17   post-petition acquired assets, with the same extent, validity and priority as TAB Bank was

18   entitled to on the Petition Date, but not including claims or causes of action possessed by

19   the Debtor's bankruptcy estate under sections 544, 545, 547, 548, 553(b), or 723(b), and

20   all proceeds therefrom;

21   3.    Debtor may use TAB Bank's cash collateral to pay any post-petition

22   professional fees and costs of the Debtor in the ordinary course;

23   4.    Debtor reserves the right to seek additional use of cash collateral or to seek

24   modification of the use of cash collateral, and, TAB Bank reserves the right to seek

25   modification or termination of the use of cash collateral;

26   5.    Neither the Debtor nor TAB Bank waive or release of any of the rights,

27   claims, or defenses;

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1234913.1

CASH COLLATERAL ORDER

1      6.      Debtor is authorized to maintain its existing bank accounts (the "Bank

2  Accounts") located at TAB Bank through and including October 24, 2019;

3      7.      All banks are directed to honor all of Debtor's pre-petition checks, and all

4  banks are prohibited from placing any holds on, or attempting to reverse, any automatic

5  transfers on account of the foregoing;

6      8.      TAB Bank is authorized and its actions are ratified for the payment of pre-

7  petition checks;

8      9.      TAB Bank is directed, on an interim basis, through and including October 24,

9  2019, to honor all pre-petition checks presented for payment and all fund transfer requests

10  made by the Debtor, to the extent that sufficient funds are on deposit in the applicable

11  accounts at TAB Bank;

12      10.     TAB Bank is authorized, but not directed, to rely on the representations of

13  the Debtor with respect to whether any check or other transfer drawn or issued by the

14  Debtor prior to the Petition Date should be honored and to honor those checks;

15      11.     TAB Bank shall not have any liability to any party, including under 11 U.S.C.

16  §549; and

17      12.     The requirements of 11 U.S.C. § 345(b) (i) and the U.S. Trustee Guidelines

18  requiring the closing of Debtor's existing bank accounts and opening of bank accounts in

19  certain financial institutions are waived on an interim basis through and including October

20  24, 2019.

21                                    ###

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1 | **WEILAND GOLDEN GOODRICH LLP**
2 | Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Reem J. Bello, State Bar No. 198840
3 | rbello@wgllp.com
Ryan W. Beall, State Bar No. 313774
4 | rbeall@wgllp.com
650 Town Center Drive, Suite 600
5 | Costa Mesa, California 92626
Telephone   714-966-1000
6 | Facsimile   714-966-1002

7 | Proposed Attorneys for Debtor
and Debtor-in-Possession,
8 | Coastal International, Inc.

9 | **UNITED STATES BANKRUPTCY COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 | **SANTA ANA DIVISION**

12 | In re

13 | COASTAL INTERNATIONAL, INC., a
Nevada corporation

14 |          Debtor and Debtor-in-
15 |          Possession.

Case No. 8:19-bk-13584 TA

Chapter 11

**ORDER GRANTING EMERGENCY
MOTION FOR ORDER AUTHORIZING
PAYMENT AND HONORING OF PRE-
PETITION PAYROLL OBLIGATIONS**

**DATE:   September 18, 2019
TIME:    11:00 a.m.
CTRM:  5B**

*Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002*

20 |     On September 18, 2019, the Court held an emergency hearing on the motion of

21 | Coastal International, Inc., the debtor and debtor-in-possession ("Debtor") in the above-

22 | captioned chapter 11 bankruptcy case ("Case"), for an order authorizing payment of pre-

23 | petition payroll obligations ("Payroll Motion").  Appearances were made as noted on the

24 | record.

25 |     The Court having read and considered the Payroll Motion, heard the discussion on

26 | the record, and with good cause shown,

27 |

28 |

1234912.1

PAYROLL ORDER

**IT IS ORDERED:**

1.      Debtor is authorized to pay pre-petition employee wage and salary obligations owed by Debtor up to the priority limit in Section 507(a)(4) of the United States Bankruptcy Code, and associated tax liability for the pre-petition payroll obligations, but not to any independent contractors or insiders of the Debtor as defined by 11 U.S.C. Section 101(31);

2.      Debtor is authorized to pay pre-petition reimbursement of ordinary course pre-petition employment business expenses in accordance with company policy up to a maximum of $5,000;

3.      Debtor is authorized to pay benefit obligations including 401(k) plan employer contributions, worker's compensation, medical, dental, life insurance, disability insurance, union benefits, and miscellaneous other benefits incurred and payable in the ordinary course;

4.      Debtor is authorized to honor all pre-petition vacation pay, sick leave, holiday pay, jury duty pay, and other paid leave claims in the ordinary course;

5.      Debtor is authorized to retain its pre-petition payroll account(s) and all general operating accounts through and including October 24, 2019 and directing the banks or other financial institution not to otherwise impair Debtor's ability to deposit funds into and to withdraw funds from said account(s);

6.      Debtor is authorized to take all actions reasonable and necessary to comply with its obligations to its existing payroll services such as ADP;

7.      All banks are directed to honor all of Debtor's pre-petition payroll checks, and all banks are prohibited from placing any holds on, or attempting to reverse, any automatic transfers on account of the foregoing; and

8.      TAB Bank is authorized and its actions are ratified for the payment of pre-petition payroll checks;

9.      TAB Bank is directed, on an interim basis, through and including October 24, 2019, to honor all pre-petition checks presented for payment and all fund transfer requests

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  made by the Debtor, to the extent that sufficient funds are on deposit in the applicable

2  accounts at TAB Bank;

3      10.    TAB Bank is authorized, but not directed, to rely on the representations of the

4  Debtor with respect to whether any check or other transfer drawn or issued by the Debtor

5  prior to the Petition Date should be honored and to honor those checks; and

6      11.    TAB Bank shall not have any liability to any party, including under 11 U.S.C.

7  §549.

8                  ###

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1 | **WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
2 | jgolden@wgllp.com
Reem J. Bello, State Bar No. 198840
3 | rbello@wgllp.com
Ryan W. Beall, State Bar No. 313774
4 | rbeall@wgllp.com
650 Town Center Drive, Suite 600
5 | Costa Mesa, California 92626
Telephone   714-966-1000
6 | Facsimile   714-966-1002

7 | Proposed Attorneys for Debtor
and Debtor-in-Possession,
8 | Coastal International, Inc.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

In re

COASTAL INTERNATIONAL, INC., a
Nevada corporation,

     Debtor and Debtor-in-
     Possession.

Case No. 8:19-bk-13584-TA

Chapter 11

**ORDER GRANTING EMERGENCY
MOTION FOR ORDER AUTHORIZING
DEBTOR TO OBTAIN POSTPETITION
FINANCING PURSUANT TO 11 U.S.C. §§
105, 361, 362 AND 364; MEMORANDUM
OF POINTS AND AUTHORITIES; AND
DECLARATION OF BRUCE GREEN IN
SUPPORT THEREOF**

**DATE:   September 18, 2019
TIME:    11:00 a.m.
CTRM:  5B**

On September 18, 2019, the Court held an emergency hearing on the motion of

Coastal International, Inc., the debtor and debtor-in-possession ("Debtor") in the above-

captioned chapter 11 bankruptcy case ("Case"), for an order authorizing the Debtor to

obtain post-petition financing pursuant to 11 U.S.C. §§ 105, 361, 362, and 364 ("DIP

Financing Motion") from Debtor's secured creditor Transportation Alliance Bank Inc. dba

TAB Bank ("TAB Bank").  Appearances were as noted on the record.

1234915.1

DIP FINANCING ORDER

1    The Court having read and considered the DIP Financing Motion, heard the

2  discussion on the record, and with good cause shown,

3    **IT IS ORDERED:**

4    1.    Debtor is authorized to enter into the Accounts Receivable Purchase and

5  Security Agreement ("DIP Financing Agreement") with TAB Bank, attached to the DIP

6  Financing Motion as Exhibit "3", on an interim basis through and including October 24,

7  2019.

8    2.    The terms of the DIP Financing Agreement are approved, except those

9  provisions relating to releases and indemnification.

10    3.    The origination and attorneys' fees provisions of the DIP Financing

11  Agreement are approved as set forth on the record.

12                                ###

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# EXHIBIT B

## Lerner, Leib

| | |
|---|---|
| **From:** | Lerner, Leib |
| **Sent:** | Thursday, September 19, 2019 3:11 PM |
| **To:** | Reem Bello; waterman.steven@dorsey.com; 'baker.megan@dorsey.com'; 'Goldenberg, Nancy  (USTP)' |
| **Cc:** | Kelly Adele; Jeff Golden |
| **Subject:** | RE: All three order in Coastal International from the 9/18/19 Hearings |
| **Attachments:** | Coastal interim orders LL comments.pdf |

Counsel,

Attached are my comments.  Happy to discuss.

Leib M. Lerner
Alston & Bird LLP
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
(213) 576-1000
(213) 576-1193 (direct)
(213) 576-1100 (fax)
leib.lerner@alston.com

---

**From:** Reem Bello <rbello@lwgfllp.com>
**Sent:** Thursday, September 19, 2019 12:56 PM
**To:** waterman.steven@dorsey.com; 'baker.megan@dorsey.com' <baker.megan@dorsey.com>; Lerner, Leib
<Leib.Lerner@alston.com>; 'Goldenberg, Nancy (USTP)' <Nancy.Goldenberg@usdoj.gov>
**Cc:** Kelly Adele <kadele@lwgfllp.com>; Jeff Golden <jgolden@lwgfllp.com>
**Subject:** All three order in Coastal International from the 9/18/19 Hearings

**EXTERNAL SENDER – Proceed with caution**

---

Counsel,

Please review all three proposed orders from yesterday's hearing. Because the Court did not set a specific date, I
changed the date of the bank account closures and the honoring of checks to the date of the continued hearing on
October 24, 2019. (Ignore the versions sent previously). Thank you.

### Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and
others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or
taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in
Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in;
Security, archiving and compliance. To find out more Click Here.

1   **WEILAND GOLDEN GOODRICH LLP**
    Jeffrey I. Golden, State Bar No. 133040
2   jgolden@wgllp.com
    Reem J. Bello, State Bar No. 198840
3   rbello@wgllp.com
    Ryan W. Beall, State Bar No. 313774
4   rbeall@wgllp.com
    650 Town Center Drive, Suite 600
5   Costa Mesa, California 92626
    Telephone    714-966-1000
6   Facsimile    714-966-1002

7   Proposed Attorneys for Debtor
    and Debtor-in-Possession,
8   Coastal International, Inc.

*Leib Lerner*
*Comments*
*9/19/19*

9                  **UNITED STATES BANKRUPTCY COURT**

10                 **CENTRAL DISTRICT OF CALIFORNIA**

11                        **SANTA ANA DIVISION**

12  In re                              Case No. 8:19-bk-13584 TA

13  COASTAL INTERNATIONAL, INC., a     Chapter 11
    Nevada corporation
14                                     **ORDER GRANTING EMERGENCY**
                                       **MOTION FOR ORDER AUTHORIZING**
15          Debtor and Debtor-in-      **PAYMENT AND HONORING OF PRE-**
            Possession.                **PETITION PAYROLL OBLIGATIONS**
16
                                       **DATE:   September 18, 2019**
17                                     **TIME:   11:00 a.m.**
                                       **CTRM:   5B**
18

19

20          On September 18, 2019, the Court held an emergency hearing on the motion of

21  Coastal International, Inc., the debtor and debtor-in-possession ("Debtor") in the above-

22  captioned chapter 11 bankruptcy case ("Case"), for an order authorizing payment of pre-

23  petition payroll obligations ("Payroll Motion").  Appearances were made as noted on the

24  record.

25          The Court having read and considered the Payroll Motion, heard the discussion on

26  the record, and with good cause shown,

27

28  1234912.1

                                                              PAYROLL ORDER

1

**IT IS ORDERED:**

1.     Debtor is authorized to pay pre-petition employee wage and salary obligations owed by Debtor up to the priority limit in Section 507(a)(4) of the United States Bankruptcy Code, and associated tax liability for the pre-petition payroll obligations, *provided however that Debtor is not authorized to make any such payments* ~~but not~~ to any independent contractors or insiders of the Debtor as defined by 11 U.S.C. Section 101(31);

2.     Debtor is authorized to pay pre-petition reimbursement of ordinary course pre-petition employment business expenses in accordance with company policy up to a maximum of $5,000;

3.     Debtor is authorized to pay benefit obligations including 401(k) plan employer contributions, worker's compensation, medical, dental, life insurance, disability insurance, union benefits, and miscellaneous other benefits incurred and payable in the ordinary course;

4.     Debtor is authorized to honor all pre-petition vacation pay, sick leave, holiday pay, jury duty pay, and other paid leave claims in the ordinary course;

5.     Debtor is authorized to retain its pre-petition payroll account(s) and all general operating accounts through and including October 24, 2019 and ~~directing~~ the banks or other financial institution, *is directed* not to otherwise impair Debtor's ability to deposit funds into and to withdraw funds from said account(s);

6.     Debtor is authorized to take all actions reasonable and necessary to comply with its obligations to its existing payroll services such as ADP;

7.     All banks are directed to honor all of Debtor's pre-petition payroll checks, and all banks are prohibited from placing any holds on, or attempting to reverse, any automatic transfers on account of the foregoing; and

8.     TAB Bank is authorized and its actions are ratified for the payment of pre-petition payroll checks;

9.     TAB Bank is directed, on an interim basis, through and including October 24, 2019, to honor all pre-petition checks presented for payment and all fund transfer requests

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  made by the Debtor, to the extent that sufficient funds are on deposit in the applicable

2  accounts at TAB Bank;

3      10.    TAB Bank is authorized, but not directed, to rely on the representations of the

4  Debtor with respect to whether any check or other transfer drawn or issued by the Debtor

5  prior to the Petition Date should be honored and to honor those checks; *and and*

6      *Th.* TAB Bank shall not have any liability to any party, including under 11 U.S.C.

7  §549, *for relying on such representations by the Debtor.*

8                              ###

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002



4

**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Reem J. Bello, State Bar No. 198840
rbello@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Proposed Attorneys for Debtor
and Debtor-in-Possession,
Coastal International, Inc.

*Weiland Golden Goodrich LLP*
*650 Town Center Drive, Suite 600*
*Costa Mesa, California 92626*
*Tel 714-966-1000 · Fax 714-966-1002*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>COASTAL INTERNATIONAL, INC., a Nevada corporation,<br><br>Debtor and Debtor-in-Possession. | Case No. 8:19-bk-13584 TA<br><br>Chapter 11<br><br>Interim<br>**ORDER GRANTING EMERGENCY MOTION FOR ORDER:**<br><br>(1) **APPROVING STIPULATION FOR THE USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. SECTIONS 363(c)(2) AND 363(b)(1) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(d); AND**<br>(2) **AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS AND HONORING OF PRE-PETITION CHECKS FOR A LIMITED PERIOD OF TIME PURSUANT TO 11 U.S.C. SECTIONS 105, 345, and 363**<br><br>**DATE:   September 18, 2019**<br>**TIME:    11:00 a.m.**<br>**CTRM:   5B** |

1234913.1

Interim   CASH COLLATERAL ORDER

1    On September 18, 2019, the Court held an emergency hearing on the motion of

2 Coastal International, Inc., the debtor and debtor-in-possession ("Debtor") in the above-

3 captioned chapter 11 bankruptcy case ("Case"), for an order approving the cash collateral

4 stipulation (the "Cash Collateral Stipulation") entered into between the Debtor and the

5 Debtor's secured creditor Transportation Alliance Bank Inc. dba TAB Bank ("TAB Bank")

6 and for an order to maintain all existing bank accounts and to have pre-petition checks

7 honored for a limited period of time ("Cash Collateral Motion").  Appearances were as

8 noted on the record.

9    The Court having read and considered the Cash Collateral Motion, heard the

10 discussion on the record, and with good cause shown,

11    **IT IS ORDERED:**

12    1.    The Debtor is authorized to use cash collateral of TAB Bank pursuant to

13 section 363(c)(2) of the Bankruptcy Code on an interim basis through and including

14 October 24, 2019, to pay for ordinary and necessary expenses in accordance with its

15 agreement with TAB Bank;

16    2.    TAB Bank is granted a replacement lien on the Debtor's assets, including

17 post-petition acquired assets, with the same extent, validity and priority as TAB Bank was

18 entitled to on the Petition Date, but not including claims or causes of action possessed by

19 the Debtor's bankruptcy estate under sections 544, 545, 547, 548, 553(b), or 723(b), and

20 all proceeds therefrom;

21    3.    Debtor may use TAB Bank's cash collateral to pay any post-petition

22 professional fees and costs of the Debtor in the ordinary course; subject to the requirements of  11 U.S.C. §§ 330 and 331.

23    4.    Debtor reserves the right to seek additional use of cash collateral or to seek

24 modification of the use of cash collateral, and, TAB Bank reserves the right to seek

25 modification or termination of the use of cash collateral;

26    5.    Neither the Debtor nor TAB Bank waive or release of any of the rights,

27 claims, or defenses;

28



Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

6.    Debtor is authorized to maintain its existing bank accounts (the "Bank Accounts") located at TAB Bank through and including October 24, 2019; *and pre-petition*

7.    ~~All banks are directed to honor all of Debtor's pre-petition checks, and all banks are prohibited from placing any holds on, or attempting to reverse, any automatic transfers on account of the foregoing;~~

8.    ~~TAB Bank is authorized and its actions are ratified for the payment of pre-petition checks;~~

9.    ~~TAB Bank is directed, on an interim basis, through and including October 24, 2019, to honor all pre-petition checks presented for payment and all fund transfer requests made by the Debtor, to the extent that sufficient funds are on deposit in the applicable accounts at TAB Bank;~~

10.    ~~TAB Bank is authorized, but not directed, to rely on the representations of the Debtor with respect to whether any check or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored and to honor those checks;~~

11.    ~~TAB Bank shall not have any liability to any party, including under 11 U.S.C. §549; and~~

7. 12.    The requirements of 11 U.S.C. § 345(b) (i) and the U.S. Trustee Guidelines requiring the closing of Debtor's existing bank accounts and opening of bank accounts in certain financial institutions are waived on an interim basis through and including October 24, 2019.

8. Debtor will not pay, and TAB Bank ~~will~~ ### is directed not to pay, any debts incurred before the Petition Date, other than as authorized by this Court.

*checks shall be honored from the Bank Accounts during this period.*

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002



1 | **WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
2 | jgolden@wgllp.com
Reem J. Bello, State Bar No. 198840
3 | rbello@wgllp.com
Ryan W. Beall, State Bar No. 313774
4 | rbeall@wgllp.com
650 Town Center Drive, Suite 600
5 | Costa Mesa, California 92626
Telephone   714-966-1000
6 | Facsimile   714-966-1002

7 | Proposed Attorneys for Debtor
and Debtor-in-Possession,
8 | Coastal International, Inc.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

In re

COASTAL INTERNATIONAL, INC., a
Nevada corporation,

        Debtor and Debtor-in-
        Possession.

Case No. 8:19-bk-13584-TA

Chapter 11

Interim

**ORDER GRANTING EMERGENCY
MOTION FOR ORDER AUTHORIZING
DEBTOR TO OBTAIN POSTPETITION
FINANCING PURSUANT TO 11 U.S.C. §§
105, 361, 362 AND 364; MEMORANDUM
OF POINTS AND AUTHORITIES; AND
DECLARATION OF BRUCE GREEN IN
SUPPORT THEREOF**

**DATE:   September 18, 2019**
**TIME:   11:00 a.m.**
**CTRM:   5B**

        On September 18, 2019, the Court held an emergency hearing on the motion of

Coastal International, Inc., the debtor and debtor-in-possession ("Debtor") in the above-

captioned chapter 11 bankruptcy case ("Case"), for an order authorizing the Debtor to

obtain post-petition financing pursuant to 11 U.S.C. §§ 105, 361, 362, and 364 ("DIP

Financing Motion") from Debtor's secured creditor Transportation Alliance Bank Inc. dba

TAB Bank ("TAB Bank").  Appearances were as noted on the record.

1234915.1                                                        Interim DIP FINANCING ORDER



1    The Court having read and considered the DIP Financing Motion, heard the

2  discussion on the record, and with good cause shown,

3    **IT IS ORDERED:**

4    1.    Debtor is authorized to enter into the Accounts Receivable Purchase and

5  Security Agreement ("DIP Financing Agreement") with TAB Bank, attached to the DIP

6  Financing Motion as Exhibit "3", on an interim basis through and including October 24,

7  2019.

*on an interim basis*

8    2.    The terms of the DIP Financing Agreement are approved, except those

9  provisions relating to releases and indemnification, *which are not approved.*

10    3.    The ~~O~~rigination and ~~A~~ttorneys *Fee* ~~fees provisions of~~ *Documentation Fee in* the DIP Financing

11  Agreement are approved as set forth on the record.

12    ###

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

1234915.1                    2              *Interim*  DIP FINANCING ORDER

⑩

# EXHIBIT  C

1 **WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
2 jgolden@wgllp.com
Reem J. Bello, State Bar No. 198840
3 rbello@wgllp.com
Ryan W. Beall, State Bar No. 313774
4 rbeall@wgllp.com
650 Town Center Drive, Suite 600
5 Costa Mesa, California 92626
Telephone    714-966-1000
6 Facsimile    714-966-1002

7 Proposed Attorneys for Debtor
and Debtor-in-Possession,
8 Coastal International, Inc.

9            **UNITED STATES BANKRUPTCY COURT**

10           **CENTRAL DISTRICT OF CALIFORNIA**

11                **SANTA ANA DIVISION**

12 In re                                      Case No. 8:19-bk-13584 TA

13 COASTAL INTERNATIONAL, INC., a        Chapter 11
Nevada corporation
14                                          **ORDER GRANTING EMERGENCY
                Debtor and Debtor-in-       MOTION FOR ORDER AUTHORIZING
15              Possession.                 PAYMENT AND HONORING OF PRE-
                                            PETITION PAYROLL OBLIGATIONS**
16
                                            **DATE:    September 18, 2019
17                                          TIME:    11:00 a.m.
                                            CTRM:  5B**
18

19

20     On September 18, 2019, the Court held an emergency hearing on the motion of

21 Coastal International, Inc., the debtor and debtor-in-possession ("Debtor") in the above-

22 captioned chapter 11 bankruptcy case ("Case"), for an order authorizing payment of pre-

23 petition payroll obligations ("Payroll Motion").  Appearances were made as noted on the

24 record.

25     The Court having read and considered the Payroll Motion, heard the discussion on

26 the record, and with good cause shown,

27

28
1234912.1                                                        PAYROLL ORDER

**IT IS ORDERED:**

1.      Debtor is authorized to pay pre-petition employee wage and salary obligations owed by Debtor up to the priority limit in Section 507(a)(4) of the United States Bankruptcy Code, and associated tax liability for the pre-petition payroll obligations, but not to any independent contractors or insiders of the Debtor as defined by 11 U.S.C. Section 101(31);

2.      Debtor is authorized to pay pre-petition reimbursement of ordinary course pre-petition employment business expenses in accordance with company policy up to a maximum of $5,000;

3.      Debtor is authorized to pay benefit obligations including 401(k) plan employer contributions, worker's compensation, medical, dental, life insurance, disability insurance, union benefits, and miscellaneous other benefits incurred and payable in the ordinary course;

4.      Debtor is authorized to honor all pre-petition vacation pay, sick leave, holiday pay, jury duty pay, and other paid leave claims in the ordinary course;

5.      Debtor is authorized to retain its pre-petition payroll account(s) and all general operating accounts through and including October 24, 2019 and directing the banks or other financial institution not to otherwise impair Debtor's ability to deposit funds into and to withdraw funds from said account(s);

6.      Debtor is authorized to take all actions reasonable and necessary to comply with its obligations to its existing payroll services such as ADP;

7.      All banks are directed to honor all of Debtor's pre-petition payroll checks, and all banks are prohibited from placing any holds on, or attempting to reverse, any automatic transfers on account of the foregoing; and

8.      TAB Bank is authorized and its actions are ratified for the payment of pre-petition payroll checks;

9.      TAB Bank is directed, on an interim basis, through and including October 24, 2019, to honor all pre-petition checks presented for payment and all fund transfer requests

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1   made by the Debtor, to the extent that sufficient funds are on deposit in the applicable

2   accounts at TAB Bank;

3      10.    TAB Bank is authorized, but not directed, to rely on the representations of the

4   Debtor with respect to whether any check or other transfer drawn or issued by the Debtor

5   prior to the Petition Date should be honored and to honor those checks; and

6      11.    TAB Bank shall not have any liability to any party, including under 11 U.S.C.

7   §549.

8                                          ###

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

# EXHIBIT D

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Leib M. Lerner (CA State Bar No. 227323)
Alina A. Ananian (CA State Bar No. 322905)
**ALSTON & BIRD LLP**
333 S. Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: leib.lerner@alston.com
Email: alina.ananian@alston.com

Attorneys for Global Experience Specialist
f/k/a GES Exposition Services, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Coastal International Inc.,<br><br>Debtor | Bankruptcy Case No. 19-13584-TA<br><br>Chapter 11<br><br>**ORDER GRANTING EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT AND HONORING OF PRE-PETITION PAYROLL OBLIGATIONS**<br><br><br>Hearing<br>Date:   September 18, 2019<br>Time:   11:00 a.m.<br>Place:  411 West Fourth Street<br>           Suite 5085/Courtroom 5B<br>           Santa Ana, CA 92701 |

On September 18, 2019, the Court held an emergency hearing on the motion of Coastal International, Inc., the debtor and debtor-in-possession ("Debtor") in the above-captioned chapter 11 bankruptcy case ("Case"), for an order authorizing payment of pre-petition payroll obligations ("Payroll Motion").  Appearances were made as noted on the record.

The Court having read and considered the Payroll Motion, heard the discussion on the record, and with good cause shown,

**IT IS ORDERED:**

1.      Debtor is authorized to pay pre-petition employee wage and salary obligations owed by Debtor up to the priority limit in Section 507(a)(4) of the United States Bankruptcy Code, and associated tax liability for the pre-petition payroll obligations, provided, however, that Debtor is not authorized to make any such payments to any independent contractors or insiders of the Debtor as defined by 11 U.S.C. Section 101(31);

2.      Debtor is authorized to pay pre-petition reimbursement of ordinary course pre-petition employment business expenses in accordance with company policy up to a maximum of $5,000;

3.      Debtor is authorized to pay benefit obligations including 401(k) plan employer contributions, worker's compensation, medical, dental, life insurance, disability insurance, union benefits, and miscellaneous other benefits incurred and payable in the ordinary course;

4.      Debtor is authorized to honor all pre-petition vacation pay, sick leave, holiday pay, jury duty pay, and other paid leave claims in the ordinary course;

5.      Debtor is authorized to retain its pre-petition payroll account(s) and all general operating accounts through and including October 24, 2019 and the bank or other financial institution is directed not to otherwise impair Debtor's ability to deposit funds into and to withdraw funds from said account(s);

6.      Debtor is authorized to take all actions reasonable and necessary to comply with its obligations to its existing payroll services such as ADP;

7.      All banks are directed to honor all of Debtor's pre-petition payroll checks, and all banks are prohibited from placing any holds on, or attempting to reverse, any automatic transfers on account of the foregoing; and

2

1    8.    TAB Bank is authorized and its actions are ratified for the payment of pre-petition payroll

2  checks;

3    9.    TAB Bank is directed, on an interim basis, through and including October 24, 2019, to

4  honor all pre-petition checks presented for payment and all fund transfer requests made by the

5  Debtor, to the extent that sufficient funds are on deposit in the applicable accounts at TAB Bank;

6    10.    TAB Bank is authorized, but not directed, to rely on the representations of the Debtor

7  with respect to whether any check or other transfer drawn or issued by the Debtor prior to the

8  Petition Date should be honored and to honor those checks and TAB Bank shall not have any

9  liability to any party, including under 11 U.S.C. §549, for relying on such representations by the

10  Debtor.

11                                             ###

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Alston & Bird LLP, 333 S. Hope Street, 16th Floor, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (specify):
***OBJECTION OF GLOBAL EXPERIENCE SPECIALIST TO DEBTOR'S FORM OF ORDER AND PROPOSED ALTERNATE INTERIM ORDER GRANTING EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT AND HONORING OF PRE-PETITION PAYROLL OBLIGATIONS***
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 9/20/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Reem J Bello    rbello@wgllp.com,
  kadele@wgllp.com;vrosales@wgllp.com;cyoshonis@wgllp.com;cbmeeker@gmail.com
- Jeffrey I Golden    jgolden@wgllp.com,
  kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Leib M Lerner    leib.lerner@alston.com, autodockettest-lax@alston.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**:  On 9/20/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Theodor C. Albert
United States Bankruptcy Court
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

s

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/20/2019 | Rosa Nelly Villaneda | /s/ Rosa Nelly Villaneda |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**