Leib M. Lerner (CA State Bar No. 227323)
Alina A. Ananian (CA State Bar No. 322905)
**ALSTON & BIRD LLP**
333 S. Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: leib.lerner@alston.com
Email: alina.ananian@alston.com

Attorneys for Global Experience Specialist
f/k/a GES Exposition Services, Inc.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Coastal International Inc.,<br><br>Debtor | Bankruptcy Case No. 19-13584-TA<br><br>Chapter 11<br><br>**MOTION OF GLOBAL EXPERIENCE SPECIALIST F/K/A GES EXPOSITION SERVICES, INC. TO DISMISS OR TRANSFER VENUE PURSUANT TO 28 U.S.C. §§ 1408 AND 1412 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 1014(a)**<br><br>[*Filed concurrently with Notice of Motion; Declaration of Leib M. Lerner; and Request for Judicial Notice*]<br><br>Hearing<br>Date:   October 24, 2019<br>Time:   3:00 p.m.<br>Place:  Courtroom 5B<br>           411 West Fourth Street<br>           Santa Ana, CA 92701 |

MOTION TO DISMISS OR TRANSFER VENUE

LEGAL02/39240836v6

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ..................................................................................................... 4

II. JURISDICTION ....................................................................................................... 5

III. FACTUAL BACKGROUND ................................................................................... 5

    a. The Debtor. ................................................................................................... 5

    b. GES's Claim. ................................................................................................ 5

    c. Debtor's Principal Place of Business is Within the Northern District of California. ..................................................................................... 5

        i. Publicly Available Information. ........................................................ 6

        ii. Mr. Green's Testimony. .................................................................... 8

        iii. The Post-Petition Financing Agreement Filed with this Court was Signed by Debtor's CEO in Marin County After the Petition Date. ................................................................................. 10

        iv. The Debtor's Own Documents Establish that its Principal Place of Business and Principal Assets are in the Northern District of California ................................................................... 11

IV. AUTHORITY AND ARGUMENT ........................................................................ 12

    a. The Venue Statutes .................................................................................... 12

    b. The Proper Venue for this Case is the Northern District of California and the Central District of California is Improper ......................... 13

    c. Transfer to the of Northern District of California is Warranted Even if the Central District of California is Proper (Which it is Not) ............................................................................................................ 14

    d. The Motion is Timely ................................................................................ 15

V. CONCLUSION ....................................................................................................... 15

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Enron Corp. v. Arora* (*In re Enron Corp.*),
   317 B.R. 629 (Bankr. S.D.N.Y. 2004)..................................................................................16

*In re Blixseth*,
   484 B.R. 360 (9th Cir. BAP 2012)..................................................................................14, 15

*In re Washington, Perito & Dubuc*,
   154 B.R. 853 (Bankr. S.D.N.Y. 1993)...........................................................................14, 15

*In re West Coast Interventional Pain Medicine, Inc.*,
   435 B.R. 569 (Bankr. N.D. Indiana 2010) ............................................................................13

*Irwin v. Beloit Corp.* (*In re Harnischfeger Indus., Inc.*),
   246 B.R. 421 (Bankr. N.D. Ala. 2000) .................................................................................16

*Jacobsen v. Bank of Am. Corp.*,
   2010 WL 11552987 (W.D. Cal. Nov. 1, 2010).....................................................................16

*Matter of Commonwealth Oil Refining Co., Inc.*,
   596 F.2d 1239 (5th Cir. 1979) .........................................................................................13, 16

*Matter of Peachtree Lane Assocs., Ltd.*
   (7th Cir. 1998)..................................................................................................................13, 14

*United States of America v. Laird*,
   412 F.2d 16 (2d Cir. 1969).....................................................................................................15

**FEDERAL STATUTES**

11 U.S.C. §§ 105, 361, 362 and 364 ...............................................................................................12

28 U.S.C. § 157(b)(2)(A) ..................................................................................................................6

28 U.S.C. §§ 1334(b) and 157 ..........................................................................................................6

28 U.S.C. § 1408..............................................................................................................................13

28 U.S.C. §§ 1408 & 1412............................................................................................................5, 6

28 U.S.C. § 1412..............................................................................................................................13

**RULES**

Federal Rule of Bankruptcy Procedure 1014(a) ...............................................................................5

Global Experience Specialist f/k/a GES Exposition Services, Inc. ("**GES**"), hereby moves ("**Motion**") pursuant to 28 U.S.C. §§ 1408 & 1412 and Federal Rule of Bankruptcy Procedure 1014(a) for entry of an order dismissing this case or transferring it to the United States Bankruptcy Court for the Northern District of California, which is Debtor **Coastal International Inc.**'s ("**Debtor**") true principal place of business and assets for the past 30 years, in the interest of justice and the convenience of the parties. In support of this Motion, the Movant respectfully represents the following:

## I. INTRODUCTION

1. There is no jurisdictional basis for this case to be filed in the Central District of California. The Northern District of California is the proper venue for this case because it is the location of both Debtor's true principal place of business and principal assets, and has been for nearly 30 years. The Debtor's filings with the California Secretary of State have, since at least 1990, consistently listed an address within the Northern District of California as the Debtor's principal office in California, and at least since 2013 this address has been 3 Harbor Drive, Suite 211, Sausalito, CA 94965, which is in Marin County, California. The Debtor's books and records, corporate level employees, accountants and bank accounts are all located in the Northern District of California. The Debtor's Chief Executive Officer, Bruce Green, testified under oath at a Judgment Debtor's exam in July 2019 that the Debtor's primary place of business is in Sausalito and the Debtor's website indicates that the Debtor is located in Sausalito. Indeed, at his deposition this past July, Mr. Green testified that he was not familiar with any other addresses from which the Debtor operates.

2. The Debtor's bare-bones chapter 11 petition identifies a principal place of business in Tustin [Doc. 1]. That address is merely one of a dozen remote locations where the Debtor stores some low value equipment. It certainly is not, however, the Debtor's principal place of business or principal assets, and venue is not proper within the Central District of California. Therefore, dismissal or transfer to the proper venue is appropriate.

3. Even if venue were proper in the Central District of California – which it certainly is not – this case should still be transferred to the Northern District of California in the interest of

justice and for the convenience of the parties, as described herein.

## II.    JURISDICTION

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334(b) and 157. This is a core proceeding under 28 U.S.C. §157(b)(2)(A).

5. The Court has authority to grant the relief requested herein pursuant to 28 U.S.C. §§1408 and 1412 and FRBP 1014(a).

## III.    FACTUAL BACKGROUND

**a.    The Debtor.**

6. The Debtor filed its bankruptcy petition with the United States Bankruptcy Court for the Central District of California on Sunday, September 15, 2019 (the "**Petition Date**").

**b.    GES's Claim.**

7. GES is by far the largest creditor in this case, with a judgment against the Debtor of $11,709,232.24, plus post-judgment interest accruing at 9% per annum since the judgment was entered on May 18, 2018. *See* Judgment, entered by the Marin County Superior Court, 3501 Civic Center Drive, San Rafael, CA 94903, Case No. CIV 1801683, attached as **Exhibit A** to the Request for Judicial Notice concurrently filed hereto ("RJN"). Based upon the denial of review by the Supreme Court of Illinois regarding an interest component of the Illinois judgment, GES currently believes that the total claim as of the petition date is approximately $10,187,889.81.

8. This bankruptcy filing is another mark in the Debtor's strategy to not pay a dime for its employee Christopher Lindroth's catastrophic injuries that caused him to need 24-hour nursing care, as well as physical, speech, and occupational therapy for the rest of his life. GES paid close to $25 million on account of Lindroth's injuries, but the Debtor – *which was found to be 75% responsible for GES's liability* – has done everything in its power to avoid its payment obligations. The Debtor filed for bankruptcy on Sunday, September 15, 2019 (the "Petition Date") because the stipulation between the Debtor and GES to stay GES's collection efforts expired the immediately preceding business day, Friday, September 13, 2019.

**c.    Debtor's Principal Place of Business is Within the Northern District of California.**

1    9.    For at least 180 days before the Petition Date, the Debtor has not resided, been domiciled, had a principal place of business, or maintained its principal assets in the Central District of California.  On the contrary, <u>for approximately 30 years, the Debtor's principal place of business and principal assets have been and still are in the Northern District of California</u>.  This fact is confirmed by publicly available information, the recent testimony of Mr. Green, documents filed by the Debtor with this Court, and documents produced by the Debtor to GES prior to the Petition Date.

                **i.    Publicly Available Information.**

10.    On July 9, 1990, Debtor filed with the California Secretary of State its Statement and Designation by Foreign Corporation.  The statement includes a sealed Certificate of Corporate Status from the Secretary of State of Nevada certifying that the Debtor is incorporated as a Nevada corporation.  The address of Debtor's "principal executive office" is listed as 3325 Ali Baba Lane, Suite 618, Las Vegas, NV 89118-1560.  The Debtor's "principal office in California" is listed as 10 Hawthorne St., San Francisco, CA 94105.  The Debtor's designated agent for service of process is Bruce Edward Green, 1859 18th Street, San Francisco, CA 94122.  The statement is signed by Bruce Green, President.  A true and correct copy of the July 9, 1990 Statement and Designation by Foreign Corporation is attached as **Exhibit B** to the RJN.

11.    Fourteen years later, on July 29, 2004, the Debtor filed an Amended Statement by Foreign Corporation, to indicate that the name of the corporation was changed to Coastal International, Inc.  The amendment was signed by Bruce Green, President and Secretary.  A true and correct copy of the July 29, 2004 Amended Statement by Foreign Corporation is attached as **Exhibit C** to the RJN.

12.    On April 2, 2013, the Debtor filed a Statement of Information with the California Secretary of State, indicating that its "principal executive office" and "principal business office in California" is 3 Harbor Drive, Suite 211, Sausalito, CA 94965.  Bruce Green is listed as the Debtor's CEO, Secretary, CFO and agent for service of process, and the address for each of these important positions is likewise listed as 3 Harbor Drive, Suite 211, Sausalito, CA 94965.  A true and correct copy of the April 2, 2013 Statement of Information is attached as **Exhibit D** to the

RJN. Sausalito is a city in Marin County, California. A true and correct copy of the County of Marin official government website listing the "Marin Communities" in Marin County, which includes Sausalito, is attached as **Exhibit E** to the RJN. Marin County is part of the Northern District of California. A true and correct copy of the United States Bankruptcy Court for the Northern District of California website page showing the counties in the district, which includes Marin County, is attached as **Exhibit F** to the RJN.

13. The Debtor did not amend any of the information on its 2013 Statement of Information until just 41 days before filing its bankruptcy Petition, when on August 5, 2019 the Debtor filed another Statement of Information with the Secretary of State of California, this time changing the street address of its "principal executive office" and Mr. Green's personal address to 774 Mays Blvd., Suite 10-540, Incline Village, NV 89451. The statement <u>continues</u> to list the address of Debtor's "principal business office in California" as 3 Harbor Drive, Suite 211, Sausalito, CA 94965. Likewise, Debtor's agent for service of process Kathleen Spangler is listed for service at 3 Harbor Drive, Suite 211, Sausalito, CA 94965. The signature line is indicated as Mr. Green as CEO. A true and correct copy of the August 5, 2019 Statement of Information is attached as **Exhibit G** to the RJN.

14. In addition, Debtor holds a Class B contractor license with the State of California, license number 845433. Bruce Green is the Debtor's qualifier. Deposition Transcript of Bruce Green taken July 22, 2019 ("Green Transcript"), 11:5-20. The address registered with the State of California is 3 Harbor Drive, Suite 211, Sausalito, CA 94965. A true and correct copy of the print out of Debtor's contractors license information from the State of California website is attached as **Exhibit H** to the RJN. A true and correct copy of the relevant portions of the Green Transcript is attached as **Exhibit I** to the concurrently filed Declaration of Leib M. Lerner ("Lerner Declaration").

15. Debtor maintains a website at www.coastalintl.com. The "Contact Us" webpage on the Debtor's website states:

CONTACT US:
**Coastal International, Inc.**
**Headquarters Office**

Phone:       415-339-1700
Toll Free:    800-235-9200
Fax:         415-339-1710

Mail: 3 Harbor Drive, #211
Sausalito, CA 94965

Email: info@coastalintl.com

The webpage also includes a map showing Debtor's location in Sausalito. A true and correct copy of the "Contact Us" webpage downloaded on September 13, 2019, the last business day before the Petition Date, is attached as **Exhibit J** to the ("Lerner Declaration"), concurrently filed.

16. The exact same Northern District of California contact information is listed on Debtor's website home page, under the heading "CONNECT WITH US." A true and correct copy of the Debtor's website home page is attached as **Exhibit K** to the Lerner Declaration.

      **ii.    Mr. Green's Testimony.**

17. On July 22, 2019, GES took a debtor's examination of Debtor, with Debtor's CEO, Bruce Green appearing as Debtor's "person most knowledgeable" to testify under oath on behalf of the Debtor. **Exhibit I**, Green Transcript, 7:17-21. The deposition was taken at Embarcadero Center, Suite 1500, San Francisco, CA. Green Transcript, at 1.

18. Bruce Green is the Debtor's sole shareholder since 2003, first directly and then through his wholly owned Coastal International Holdings, LLC beginning in 2014. **Exhibit I**, Green Transcript, 10:7-9; 13:20-24.

19. Green testified unequivocally, and contrary to his sworn statements in Debtor's bankruptcy petition, that the Debtor's principal place of business is in Northern California:

> Q·····Okay.· Is there a primary place of business that
>
> Coastal International, Inc., operates out of?
>
> A·····Yes.
>
> Q·····Okay.· And what would that -- what would that

| | |
|---|---|
| 1 | address be? |
| 2 | A· · · · ·3 Harbor Drive, Suite 211, Sausalito, California |
| 3 | 94965. |
| 4 | Q· · · · ·Okay.· And when you say Coastal International, |
| 5 | Inc., has many other -- or excuse me, other addresses, are |
| 6 | you familiar with those addresses and can you provide those |
| 7 | to me? |
| 8 | A· · · · ·Not off the top of my head, no. |
| 9 | **Exhibit I**, Green Transcript, 9:3-14. |
| 10 | 20.    Green also testified that all of the Debtor's income and expenses are tracked by |
| 11 | employees in its Northern California headquarters: |
| 12 | MR. EMERZIAN:· Q:· Well, let me ask something |
| 13 | different -- let me ask something else.· Would QuickBooks be |
| 14 | the most reliable mechanism you have for tracking the total |
| 15 | revenue of Coastal International, Inc., in any given year? |
| 16 | A· · · · ·Yes. |
| 17 | Q· · · · ·And would your QuickBooks program also be the most |
| 18 | accurate mechanism for tracking what Coastal International, |
| 19 | Inc.s' expenses are in any given year? |
| 20 | A· · · · ·Yes. |
| 21 | Q· · · · ·Okay.· Who's in charge for inputting that |
| 22 | information at Coastal International, Inc.? |
| 23 | MR. GOLDEN:· Objection.· Vague as to whether it's |
| 24 | just one person. |
| 25 | MR. EMERZIAN:· Q:· And if it's more, there's a |
| 26 | team, if you have a department.· I'm just curious.· Who |
| 27 | oversees that application? |
| 28 | MR. GOLDEN:· Currently? |

LEGAL02/39240836v6

| | |
|---|---|
| 1 | THE WITNESS:· Oversees -- |
| 2 | MR. EMERZIAN:· Q:· Has it changed from 2012 until |
| 3 | the present? |
| 4 | A· · · · ·No. |
| 5 | Q· · · · ·Who has been the primary person or persons? |
| 6 | A· · · · ·For inputting? |
| 7 | Q· · · · ·Correct. |
| 8 | A· · · · ·There's multiple people. |
| 9 | Q· · · · ·Okay.· And who are they? |
| 10 | A· · · · ·Helen Lau, L-A-U, Christene Gordon, G-O-R-D-O-N, |
| 11 | Terrence -- I don't know his last name.· I'm not sure. |
| 12 | Q· · · · ·Okay.· They're all employees of Coastal |
| 13 | International, Inc.? |
| 14 | A· · · · ·Yeah.· And Kathleen Spangler, James Bateman.· He's |
| 15 | a contract CFO. |
| 16 | Q· · · · ·Okay.· But the other four parties, those are all |
| 17 | employees of Coastal International, Inc.? |
| 18 | A· · · · ·Yes. |
| 19 | Q· · · · ·Are they all at the Northern California office? |
| 20 | A· · · · ·Yes. |

21  **Exhibit I**, Green Transcript, 47:13-48:24.

        **iii.**    **The Post-Petition Financing Agreement Filed with this Court was Signed by Debtor's CEO in Marin County <u>After</u> the Petition Date**

24      21.    On September 16, 2019 – the first business day after the Petition Date – Bruce Green executed that certain Debtor in Possession Accounts Receivable Purchase and Security Agreement, as CEO of the Debtor.  Mr. Green **personally appeared** before a notary **in Marin County, California** (where the Debtor is headquartered) to execute the agreement.  This agreement was submitted as Exhibit 3 to the Debtor's Emergency Motion for Order Authorizing

Debtor to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362 and 364 [Doc. 13] ("Financing Motion") subsequently approved by the Court on an interim basis on September 20, 2019.  A true and correct copy of the execution page of the agreement is attached as **Exhibit L** to the Lerner Declaration.

       **iv. The Debtor's Own Documents Establish that its Principal Place of Business and Principal Assets are in the Northern District of California**

  22. The last tax return filed by the Debtor was for 2017, filed with the IRS on September 13, 2018.  The tax return was prepared by Gregory S Porter, CPA, of the accounting firm Silverman, Krantz & Porter, 4640 Geary Blvd., San Francisco, CA 94118, telephone (415) 668-5550.  A true and correct copy of the face page of Debtor's 2017 tax return showing this information is attached as **Exhibit M** to the Lerner Declaration.  Here, too, the Debtor's address is listed as 3 Harbor Drive, Suite 211, Sausalito, CA 94965.

  23. The Debtor used the same San Francisco accounting firm to prepare its 2016 tax return, and the same addresses in the Northern District of California are indicated on the return.  A true and correct copy of the face page of Debtor's 2016 tax return showing this information is attached as **Exhibit N** to the Lerner Declaration.

  24. Debtor produced to GES its Balance Sheet as of December 31, 2018.  The Balance Sheet shows that as of the end of 2018, the Debtor had $601,402.04 in its accounts at TAB Bank, $1,709,891.16 in accounts receivable, and $240,897.81 in other current assets such as unbilled revenue, undeposited funds and rent deposits, for a total of $2,552,191.01 in "Current Assets." The Balance Sheet also shows that the Debtor had just $133,685.35 in "Fixed Assets" such as Furniture, Fixtures, Vehicles, Machinery and Equipment.  Combined total assets as of year end was $2,685,876.36.  A true and correct copy of the 2018 Balance Sheet is attached as **Exhibit O** to the Lerner Declaration.

  25. In particular, the total value of Debtor's Equipment in all twelve storage facilities combined and spread throughout the U.S. is just $118,645. Of that total amount, just $18,215 in equipment value is located in "South Cal" which must be the Tustin, CA location.  *See* Equipment Inventory Spreadsheet 12-31-18, a true and correct copy of which is attached as

**Exhibit P** to the Lerner Declaration; See also, Lerner Declaration, ¶ 20.  This means that only .007 of the Debtor's total assets are located at the Tustin location [$18,215/$2,685,876=.007].

## IV.    AUTHORITY AND ARGUMENT

### a.    The Venue Statutes

26.    A bankruptcy case may be commenced in the district court for the district:

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or

(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. §1408.

27.    A corporation's "principal place of business" for venue purposes is the place where its management decisions are made, and where "the most important, consequential, or influential place where a corporation or partnership does its business." *Matter of Peachtree Lane Assocs., Ltd.* (7th Cir. 1998); *see also Matter of Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239, 1246 (5th Cir. 1979) (where corporation transacts its corporate business is the logical place for venue in reorganization proceedings).  This approach is commonly called the "nerve center" analysis.  *See In re West Coast Interventional Pain Medicine, Inc.*, 435 B.R. 569, 576 (Bankr. N.D. Indiana 2010).

28.    "A district court may transfer a case or proceeding under title 11 to a district court for another district in the interest of justice or for the convenience of the parties."  28 U.S.C. §1412.  The Federal Rules of Bankruptcy Procedure provide specific guidance for dismissing or transferring venue for cases filed in the wrong district or that would be better suited to venue in another district.

> Rule 1014. Dismissal and Change of Venue
>
> (a) Dismissal and Transfer of Cases.
>
> (1) *Cases Filed in Proper District*. If a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.
>
> (2) *Cases Filed in Improper District*. If a petition is filed in an improper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

29. Courts have found that the expectations of the parties should be considered when determining whether venue is appropriate. *See In re Washington, Perito & Dubuc*, 154 B.R. 853, 861 (Bankr. S.D.N.Y. 1993). This includes courts finding that the location of the Debtor's accounts receivable were at its accounting headquarters. In *Washington*, the court analyzed and determined the appropriateness of the debtor's selected venue, and ultimately transferred the case to another district where it determined that the debtor's principal assets, its accounts receivable, were located. *Id.* The Ninth Circuit BAP likewise agreed with the *Washington* court in a similar analysis: "[w]e agree with [the bankruptcy court in *Washington*], given the fact that the [debtor] had an established place of business, the accounts should be deemed located there." *In re Blixseth*, 484 B.R. 360, 371 n. 9 (9th Cir. BAP 2012).

    **b.**    **The Proper Venue for this Case is the Northern District of California and the Central District of California is Improper**

30. Applying the *Peachtree* and *Washington* analyses here, there is no question that Debtor's principal place of business and nerve center are at 3 Harbor Drive, Suite 211, Sausalito,

1  CA 94965 in Marin County, which is in the Northern District of California. That address has
2  been its principal place of business in California since 2013.[1] Its bookkeeping and accounting
3  employees are based at that location. It's Quickbooks accounting software is utilized at that
4  location to account for all of the Debtor's income and expenses. That was the only address that
5  Bruce Green could recall in his deposition this past July. And it is the only address that the
6  Debtor advertises to the general public on its website. The only address other than 3 Harbor
7  Drive that the Debtor introduced in any government filing is a mailing address in Incline Village,
8  Nevada, the state where the Debtor is incorporated, filed in its 2019 Statement of Information just
9  41 days before the Petition Date. There, too, the Debtor continued to maintain its principal place
10  of business in Sausalito. See RJN, **Exhibit G**. <u>Until the Debtor filed its chapter 11 Petition, it
11  had never asserted that the address in Tustin listed on Debtor's Petition is Debtor's principal place
12  of business.</u> Moreover, the Debtor's principal assets are its $2.5 million in Current Assets
13  including $1.7 million in accounts receivable. As in *Washington* and *Blixseth*, there is no
14  question that the Debtor's principal assets should be deemed located at its Sausalito headquarters.

15    31.    Debtor should not have filed its Petition in the Central District of California,
16  because the venue is improper. Rather, the Debtor should have filed in the Northern District of
17  California, where it has its headquarters and principal place of business. Therefore, the case
18  should be dismissed, or the venue transferred to the Northern District of California, as required by
19  FRBP 1014(a)(2).

20    **c.**    **Transfer to the of Northern District of California is Warranted Even if the**
21  **Central District of California is Proper (Which it is Not)**

22    32.    Even if the Court finds that venue in the Central District of California is not
23  improper (which cannot be supported by the substantial and overwhelming evidence showing that
24  venue here is in fact not proper), the Court should still transfer venue to the Northern District of
25  California in the interest of justice and convenience of the parties. FRBP 1014(a)(1). "Venue is a
26  forum limitation imposed for the convenience of the parties." *United States of America v. Laird*,

---

[1] For nearly 23 years prior to 2013, the Debtor's principal place of business was in San Francisco, which is also in the Northern District of California. See RJN, **Exhibit B**; RJN, **Exhibit F**.

412 F.2d 16, 20 (2d Cir. 1969). In determining the "convenience of the parties," courts consider (i) the proximity of creditors of every kind to the court; (ii) the proximity of the debtor to the court; (iii) the proximity of the witnesses necessary to the administration of the estate; (iv) the location of debtor's assets; and (v) the economic administration of the estate. *See, e.g., In re Commonwealth Oil Refining Co.*, 596 F.2d 1239, 1247 (5th Cir. 1979).

33. Debtor's headquarters is located in the Northern District of California. Its books and records are located and managed from the headquarters, and the employees that are responsible for that information are employed at Debtor's headquarters. The Debtor's accountants are in the Northern District of California. The Debtor's CEO even executed the Debtor's post-petition financing agreement with TAB Bank in the Northern District of California. The economic administration of the estate will be in the Northern District of California. *See Jacobsen v. Bank of Am. Corp.*, 2010 WL 11552987, at *2 (W.D. Cal. Nov. 1, 2010): *Enron Corp. v. Arora* (*In re Enron Corp.*), 317 B.R. 629, 639 (Bankr. S.D.N.Y. 2004); *Irwin v. Beloit Corp.* (*In re Harnischfeger Indus., Inc.*), 246 B.R. 421, 435-37 (Bankr. N.D. Ala. 2000). Principal discovery and depositions will need to be conducted in the Northern District of California, with witnesses and documents located at or near the Debtor's headquarters.

### d.  The Motion is Timely

34. GES alerted the Court that it intended to bring this Motion in GES's first filing, just two days after the Petition Date in response to the Debtor's emergency motions. The Court set a hearing on this Motion during the hearing on the emergency motions. The Motion is being brought before the Court in accordance with the Court's Scheduling Order [Doc. 43]. The Motion has been filed, served and noticed for hearing at the first reasonable opportunity. As such, GES maintains that this Motion is timely in accordance with the requirements of FBRP 1014.

### V.  CONCLUSION

35. For the reasons set forth above, GES requests that the Court find that venue in this district is improper and that the case should be dismissed or the venue transferred to the Northern District of California. Alternatively, even if the Court finds that venue is proper, GES respectfully

1  requests that the Court transfer venue of the case to the Northern District of California for the
2  convenience of the parties and in the interest of justice.

Dated: October 2, 2019　　　　　　　　**ALSTON & BIRD LLP**

　　　　　　　　　　　　　　　　　　**By: /s/ Leib M. Lerner**
　　　　　　　　　　　　　　　　　　　　　Leib M. Lerner
　　　　　　　　　　　　　　　　　　Attorneys for Global Experience Specialist
　　　　　　　　　　　　　　　　　　f/k/a GES Exposition Services, Inc.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Alston & Bird LLP, 333 S. Hope Street, 16th Floor, Los Angeles, CA 90071

**MOTION OF GLOBAL EXPERIENCE SPECIALIST F/K/A GES EXPOSITION SERVICES, INC. TO DISMISS OR TRANSFER VENUE PURSUANT TO 28 U.S.C. §§ 1408 AND 1412 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 1014(a)**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 10/2/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Reem J Bello**   rbello@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cyoshonis@wgllp.com;cbmeeker@gmail.com
- **Jeffrey I Golden**   jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
- **Nancy S Goldenberg**   nancy.goldenberg@usdoj.gov
- **Alan Craig Hochheiser**   ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Leib M Lerner**   leib.lerner@alston.com, autodockettest-lax@alston.com
- **Elan S Levey**   elan.levey@usdoj.gov, louisa.lin@usdoj.gov
- **William McCormick**   Bill.McCormick@ag.tn.gov
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

2. **SERVED BY UNITED STATES MAIL**: On 10/2/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See attached.

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/2/2019 | Rosa Nelly Villaneda | /s/ Rosa Nelly Villaneda |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
LEGAL02/39281333v1

**F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| Honorable Theodor C. Albert<br>United States Bankruptcy Court<br>411 West Fourth Street, Suite 5085,<br>Courtroom 5B<br>Santa Ana, CA 92701-4593 | Northern California Carpenters Fund<br>PO Box 882134<br>San Francisco, CA 94188-2134 | AmTrust North America<br>Attn: Accounts Receivable<br>800 Superior Ave. E. 21st Floor<br>Cleveland, OH 44114-2613 |
| American Express Corp. Svcs.<br>Attn: US Payment FL<br>1801 NW 66th Ave., Suite 103A<br>Fort Lauderdale, FL 33313-4571 | Chicago Regional Council of Carpenters<br>12 East Erie Street<br>Chicago, IL 60611-2796 | Laborers Trust Fund for Northern CA<br>PO Box 882913<br>San Francisco, CA 94188-2913 |
| Trust Fund Office Local Union 831 STD<br>PO Box 513435<br>Los Angeles, CA 90051-3435 | Sign Pictorial Display Industry Allied<br>PO Box 45186<br>San Francisco, CA 94145-0186 | Teamsters Local 631 Security Fund<br>PO Box 844552<br>Los Angeles, CA 90084-4552 |
| Anthem Blue Cross<br>PO Box 51011<br>Los Angeles, CA 90051-5311 | Spangler, Kathleen<br>554 16th Avenue<br>San Francisco, CA 94118-3509 | Western Conference of Teamsters<br>2323 Eastlake Avenue East<br>Seattle, WA 98102-3393 |
| Lopez, Jesus<br>4585 San Juan Avenue<br>Fremont, CA 94536-5544 | Randall, Dee<br>38 Red Hill Circle<br>Belvedere Tiburon, CA 94920-1700 | Johnson, Amy<br>543 Wisteria Way<br>San Rafael, CA 94903-2425 |
| Gorman, Michael<br>11 Jeffrey Lane<br>Hightstown, NJ 08520-1703 | Shell Fleet Plus- WEX BANK<br>PO Box 4337<br>Carol Stream, IL 60197-4337 | Cowperthwait, Shelley<br>6802 Bayberry Creek<br>Las Vegas, NV 89130-4999 |
| | Boone, Mike<br>4065 Lavergne<br>Antioch, TN 37013 | Willwork Global Event Services<br>23 Norfolk Avenue, Suite A<br>South Easton, MA 02375-1187 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
LEGAL02/39281333v1

**F 9013-3.1.PROOF.SERVICE**